(No. 47806.—

THE PEOPLE *ex rel.* JOHN J. BOWMAN, State's Attorney, Petitioner, v. ALFRED E. WOODWARD, Judge, *et al.,* Respondents.

*Opinion filed May 28, 1976.*

John Bowman, State's Attorney, of Wheaton, and Edward N. Morris and Christine M. Drucker, of the Illinois State's Attorneys Association Statewide Appellate Assistance Service, of Elgin, for petitioner.

Joseph M. Laraia and Robert K. Kilander, of Laraia, Solano and Berns, Ltd., of Lombard, for respondent F. Willis Caruso.

MR. CHIEF JUSTICE WARD delivered the opinion of the court:

This is an original action brought by John Bowman, the State's Attorney of Du Page County, in which he has petitioned for a writ of *mandamus* (58 Ill.2d R. 381) or, alternatively, for a supervisory order, directed to the Honorable Alfred E. Woodward, circuit judge of the Eighteenth Judicial Circuit, one of the respondents, to allow a discovery motion of the petitioner.

On May 1, 1975, F. Willis Caruso, who is the other

respondent and whom we refer to as the defendant, was indicted in the circuit court of Du Page County for reckless homicide (Ill. Rev. Stat. 1973, ch. 38, par. 9—3(b)). On May 6, 1975, he filed a motion for discovery before Judge Woodward under our Rule 412 (58 Ill.2d R. 412), requesting in part "any reports or statements of experts, made in connection with the entitled matter, including results of physical tests, mental examinations, scientific tests, experiments or comparisons." The motion was allowed and an order was entered directing the People to comply with the motion's request.

On May 12, 1975, the People filed a motion for discovery from the defendant under Rule 413(c) (58 Ill.2d R. 413(c)). It asked that the defendant:

> "inform the State whether any scientific tests, experiments or comparisons or any other reports or statements of experts have been conducted or prepared concerning the entitled cause; and if so:
>
> (a) To provide the names and addresses of the individuals conducting, preparing, reporting or interpreting said tests, experiments or comparisons, or giving any other expert report or statement;
>
> (b) To list the article, item or individual examined, tested or compared;
>
> (c) To state whether written or oral reports were prepared showing the findings and results of said scientific tests, experiments or comparisons;
>
> (d) To permit the State to inspect and copy or photocopy any and all of said reports or results or testimony relative thereto."

On June 19, 1975, after numerous hearings, Judge Woodward entered an order which provided:

> "[D]efense counsel shall inform the State of, and permit the State to inspect and copy or photograph, any reports or results, or testimony relative thereto, of physical or mental examinations or scientific tests, experiments or comparisons, or any other reports or statements of experts which defense counsel has in his possession or control, only where defense counsel intends to call such expert, at a hearing or trial; and the defendant shall not be compelled to provide the aforesaid discovery to the

State where the defendant does not intend to call the expert, or use said reports or material at a hearing or trial."

The petitioner, the State's Attorney, contends that the trial court's order was erroneous. He seeks a writ of *mandamus* to compel the court to allow his motion under the provisions of our Rule 413(c). Those provisions are:

"Medical and scientific reports. Subject to constitutional limitations, the trial court shall, on written motion, require that the State be informed of, and permitted to inspect and copy or photograph, any reports or results, or testimony relative thereto, of physical or mental examinations or of scientific tests, experiments or comparisons, or any other reports or statements of experts which defense counsel has in his possession or control, except that those portions of reports containing statements made by the defendant may be withheld if defense counsel does not intend to use any of the material contained in the report at a hearing or trial." 58 Ill.2d R. 413(c).

The respondent Caruso argues that to compel him to disclose the reports and statements of experts whom he has consulted in preparing for trial, but whom he does not intend to call as witnesses at a hearing or trial violates his constitutional assurances against self-incrimination.

The concerned part of the fifth amendment of the Constitution of the United States states: "[N] or shall any person *** be compelled in any criminal case to be a witness against himself ***." This provision has been made applicable to the States through the due process clause of the fourteenth amendment. (*Malloy v. Hogan,* 378 U.S. 1, 12 L. Ed. 2d 653, 84 S. Ct. 1489.) The Constitution of Illinois provides: "No person shall be compelled in a criminal case to give evidence against himself ***. (Ill. Const. 1970, art. I, sec. 10.) The constitutional provisions have received the same general construction. (*People ex rel. Hanrahan v. Power,* 54 Ill.2d 154, 160.) Generally, the privilege "protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature

\*\*\*." (*Schmerber v. California,* 384 U.S. 757, 761, 16 L. Ed. 2d 908, 914, 86 S. Ct. 1826, 1830.) In *People v. Williams,* 40 Ill.2d 522, 528, this court observed: "And Wigmore states that the privilege is limited to testimonial disclosure, that it was directed at the employment of legal process to extract from the person's own lips an admission of guilt, which would take the place of other evidence. (8 Wigmore, Evidence, [sec. 2263 (McNaughton rev. ed. 1961)].)"

Judge Woodward correctly decided that the defendant could be required to disclose information sought in the prosecution's motion only if the defendant intended to call the expert concerned as a witness or to use the requested reports or materials at a hearing or trial.

The materials sought were of a "testimonial or communicative nature," and an accused has a privilege against being compelled to provide the State with such materials. *Schmerber v. California,* 384 U.S. 757, 761, 16 L. Ed. 2d 908, 914, 86 S. Ct. 1826, 1830.

The prosecution had asked, in substance, to be informed by the defendant whether there had been any scientific tests conducted or statements of experts given and, if there were, to provide the names and addresses of the experts and their reports. The prosecution also asked the defendant to inform it of the thing or article or the person examined or tested and to advise the prosecution whether there had been any oral or written reports prepared showing the results of any tests. And the prosecution asked that the defendant provide all of such reports for its inspection and copying.

The defendant was being asked to provide the State with his knowledge of whether there had been tests conducted, who had conducted them, and the results of the tests, whether damning or exculpating. We do not have here simply the question whether the defendant would be incriminated on the reasoning that he was being compelled to make an implied representation that the evidence he

would produce was in fact the evidence that the prosecution demanded. (See McCormick on Evidence, sec. 126 (2d ed. 1972); 8 Wigmore, Evidence, sec. 2264 (McNaughton rev. ed. 1961).) This danger of incrimination by "implicit authentication" was recently held inapplicable under the circumstances present in *Fisher v. United States* (April 21, 1976), 44 U.S.L.W. 4514, 4521 & n.12. It is obvious that here the demand of the State is broader and more clearly testimonial or communicative in character. The State is seeking more than to have the accused impliedly acknowledge that what he will produce is actually what the prosecution asked for. The State does not know what tests if any have been conducted. It asks to be informed of knowledge the defendant possesses. That is, it demands that the defendant tell it whether there have been tests and, if there have been, to be provided with the names and addresses of the experts and the results of the tests. Of such a demand McCormick states: "[I] f the prosecution seeks not only the production of specifically described material of which it is aware but by a broader demand seeks also to use the knowledge of the defendant to determine the existence of material it suspects might exist the accused is being compelled to respond in terms of disclosing whether the requested material exists. This involves a significantly greater testimonial aspect than the implied representation inherent in mere production." McCormick on Evidence, sec. 133, at 282 (2d ed. 1972).

We would next observe that if the defendant were required to produce all of the information sought by the State in its motion he unquestionably would be being "compelled" to provide the State with the information in violation of his privilege under the two constitutions.

The situation here is different from that in *Williams v. Florida,* 399 U.S. 78, 26 L. Ed. 2d 446, 90 S. Ct. 1893. In *Williams,* a statutory rule of criminal procedure of Florida required an accused to furnish the prosecution in advance of trial with a list of alibi witnesses the accused intended

to call at trial. The court declared that, assuming *arguendo* that the disclosure was testimonial, the defendant under the statute was not being "compelled" to disclose information within the meaning of the fifth amendment. "At most, the rule only compelled petitioner to accelerate the timing of his disclosure, forcing him to divulge at an earlier date information that the petitioner from the beginning planned to divulge at trial." (399 U.S. 78, 85, 26 L. Ed. 2d 446, 452, 90 S. Ct. 1893, 1898.) Here the defendant is being asked by the State to divulge the names, reports and statements of experts whether he intends to call them at trial as helpful to his cause or whether he does not because they would be damaging. The simple acceleration of disclosure factor discussed in *Williams* cannot be applied to information that the defendant does not plan to disclose at trial.

*Jones v. Superior Court* (1962), 58 Cal. 2d 56, 372 P.2d 919, 22 Cal. Rptr. 879, has marked resemblance to the case before us. The defendant, who had been charged with rape, was granted a continuance to allow him to gather medical evidence and reports which would show, he said, that he had been impotent from injuries received seven years earlier. The prosecutor later filed a motion asking the defendant to make available to the prosecution: (1) the names and addresses of any and all physicians who would testify for defendant concerning impotency; (2) the names and addresses of all physicians who had treated the defendant prior to trial; (3) all reports of physicians or other reports relating to the defendant's impotency, and (4) all X rays of defendant taken immediately following the injuries. The trial court granted the motion, and the defendant sought a writ of prohibition in the Supreme Court of California to restrain the enforcement of the order.

That court held that to compel the defendant to produce information that he did not intend to introduce at

trial would violate his privilege against self-incrimination. The prosecution's broad discovery motion was constitutionally faulty since it sought "the benefit of [defendant's] knowledge of the existence of possible witnesses and the existence of possible reports and X-rays for the purpose of preparing its case against him." (58 Cal. 2d 56, 60, 372 P.2d 919, 921, 22 Cal. Rptr. 879, 881.) However, the court held, as did the trial judge here, that the prosecution was entitled to discovery of the names of witnesses and any reports or X rays that the defendant intended to introduce in evidence. The court said: "The identity of defense witnesses and the existence of any reports or X-rays the defense offers in evidence will necessarily be revealed at the trial. The witnesses will be subject to cross-examination, and the reports and X-rays subject to study and challenge. Learning the identity of the defense witnesses and of such reports and X-rays in advance merely enables the prosecution to perform its function at the trial more effectively." 58 Cal. 2d 56, 61, 372 P.2d 919, 922, 22 Cal. Rptr. 879, 882; see also Traynor, *Ground Lost and Found in Criminal Discovery,* 39 N.Y.U. L. Rev. 228, 243-50 (1964).

Our conclusion approving the trial court's order is not affected by the holding in *United States v. Nobles,* 422 U.S. 225, 45 L. Ed. 2d 141, 95 S. Ct. 2160. That case was quite dissimilar. It involved statements taken from prosecution witnesses by a defense investigator. The court held that the defense investigator's statements were discoverable. The court said that the fifth amendment privilege being personal to the defendant did "not extend to the testimony or statements of third parties called as witnesses at trial." 422 U.S. 225, 234, 45 L. Ed. 2d 141, 151, 95 S. Ct. 2160, 2168.

Our Rule 413(c) providing for the disclosure of medical and scientific reports to the prosecution is, as the rule expressly states, subject to constitutional limitations.

The order entered by the trial court was properly respectful of these limitations in accordance with the rule's requirement.

For the reasons given, the petition for a writ of *mandamus* is denied.

*Writ denied.*