THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHNNY ORTIZ, Defendant-Appellant.

Fifth District No. 78-29

Opinion filed March 23, 1979.

Michael J. Rosborough and Richard J. Bennett, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Clinton Thurston, State's Attorney, of Cairo (Raymond F. Buckley, Jr., and William S. Zale, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant was arrested on May 8, 1977, and charged with the fatal stabbing of his wife, Willine Ortiz. He remained in custody until September 21, 1977, the date of his trial. A jury found him guilty of voluntary manslaughter and he was sentenced to 4 to 14 years imprisonment.

Defendant appeals his conviction on one ground only; that he was denied his right to a speedy trial in that more than 120 days elapsed between his initial incarceration and his trial, excluding that period of delay attributable to defendant's own actions. The record shows that 134 days passed from the date of defendant's arrest until the date of his trial. However, within this time period, defendant made a successful motion for change of venue. The defendant and the State agree that any delay actually occasioned by this motion is delay attributable to the defendant. However, defendant asserts that since he did not request a continuance of the original trial date, which was set for August 22, 1977, that his motion did not occasion delay, or at least did not occasion 14 days delay. The sequence of events relevant to this issue are as follows:

On June 8, 1977, defendant filed his motion for change of place of trial, alleging that as a result of the extensive publicity the case had received, he could not receive a fair trial in either Alexander County, where the trial was set, or Pulaski County, and requesting a change of venue to any other county. The Alexander County Circuit Court held an evidentiary hearing on the motion on June 30, 1977, in which the general manager of a local radio station testified that his station had broadcast two detailed accounts of the Ortiz murder. He indicated that his station's broadcasts were received in four Illinois counties. The court granted defendant's motion and informed defendant that the court would fix a county for trial other than one in the radio station's broadcast area, and notify the defendant. On July 5, 1977, the court entered an order transferring the case to Jackson County. The Jackson County Circuit Court received the order and the court file on July 26, 1977, and set the

case for trial on September 21, 1977. On September 16, 1977, defendant made a motion to dismiss the murder charge because the defendant's statutory right to a speedy trial had been violated. The court denied the motion, stating:

> "The court finds that there was a delay attributable to the defendant for a period of twenty-one (21) days from July 5th when Judge Spomer entered her order until July 26th when the court of Jackson County received this file and that it would have been impossible—and that delay which was attributable to the defendant being the change of place of trial—the case in limbo during that period. It could not be assigned, it could not be tried."

■■ Under Article 103 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, art. 103), any person held in custody for an alleged offense must be tried within 120 days of the date he was taken into custody; if no trial is commenced within this time period, the defendant must be discharged from custody. However, any period of delay occasioned by the defendant is omitted in computing the time period. Delay occasioned by the defendant is defined as any delay which actually has the effect of impeding the administrative process of the trial court. *People v. Grant* (1977), 68 Ill. 2d 1, 368 N.E.2d 909; *People v. Donalson* (1976), 64 Ill. 2d 536, 356 N.E.2d 776; *People v. Spicuzza* (1974), 57 Ill. 2d 152, 311 N.E.2d 112; *People v. Zuniga* (1973), 53 Ill. 2d 550, 293 N.E.2d 595.

Based upon the record before us, we can only conclude that the defendant occasioned sufficient delay by his motion for change of venue to place the actual trial date well within the statutory time period.

■■ Clearly, defendant's motion for change of venue was a motion which created delay attributable to the defendant. (*People v. Rankins* (1960), 18 Ill. 2d 260, 163 N.E.2d 814; *People v. Iasello* (1951), 410 Ill. 252, 102 N.E.2d 138.) We hold that the trial court was correct in its determination that a delay of 21 days was caused by the defendant's own motion. The delay must encompass not only the time period required to hear and decide the motion, but also any additional time needed to implement the relief granted.

Accordingly, the judgment of the Jackson County Circuit Court is affirmed.

Affirmed.

KARNS and KASSERMAN, JJ., concur.