THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIE PHINNIZEE, Defendant-Appellant.

Fifth District    No. 79-552

Opinion filed January 8, 1981.

John H. Reid and Randy E. Blue, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (Martin N. Ashley and Nicholas B. Svalina, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE KASSERMAN delivered the opinion of the court:

Defendant, Willie Phinnizee, was convicted by a jury in the circuit court of St. Clair County for the offenses of rape, deviate sexual assault and indecent liberties with a child. Defendant was sentenced to a term of imprisonment for 15 years for rape, and a similar term was imposed for deviate sexual assault, the sentences to run concurrently. No judgment was entered on the indecent liberties charge. On appeal, defendant challenges the propriety of the sentences imposed, contending that they were based in part upon the trial court's consideration of prior convictions allegedly obtained in violation of defendant's constitutional right to counsel.

At the sentencing hearing the trial court considered a presentence investigation report compiled by the St. Clair County Probation Department. According to the report, defendant had prior convictions in Mississippi State courts in 1957, 1958, and 1963. The 1957 conviction was for breaking and entering, and defendant's sentence on that charge consisted of one year at the county farm and a fine of $200. In 1958 defendant was convicted of grand larceny, and defendant was sentenced to six years imprisonment on such conviction. Defendant's 1963 conviction was for attempt rape, for which defendant received a sentence of life imprisonment. He had been paroled after serving 13 years. These convictions constituted the entirety of defendant's criminal record other than a 1977 Illinois traffic offense conviction for driving without a valid driver's license.

Before passing sentence, the trial court offered defendant an opportunity to speak in his own behalf. The following colloquy ensued:

"THE DEFENDANT: Yes, Sir, and prior sentences that I had that I didn't feel that I got justice on them, because I stood before the Judge without a lawyer and pleaded guilty to a life sentence.

THE COURT: That's called Mississippi justice. It's known as—

THE DEFENDANT: Each time by the same Judge.

THE COURT: —fairness, impartiality and stupidity. All right. I'm inclined to agree with you. I think possibly that's right."

The court then imposed the concurrent sentences of 15 years for the rape and deviate sexual assault convictions.

Defendant contends that the trial court's determination of sentence was strongly influenced by his prior convictions in Mississippi. Defendant

asserts that these convictions are invalid under *Gideon v. Wainwright* (1963), 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792, because each was obtained while he was without benefit of counsel; and he argues that the opinion of the Supreme Court in *United States v. Tucker* (1972), 404 U.S. 443, 30 L. Ed. 2d 592, 92 S. Ct. 589, prohibits a State court from considering prior convictions obtained in violation of *Gideon* when determining sentences. Defendant concludes that the trial court improperly considered the Mississippi convictions in violation of *Tucker*, as manifested by its statement at the sentencing hearing.

The State contends that defendant has not established the invalidity of his prior convictions and urges that other than defendant's allegation that he was without counsel, there is no other evidence in the record substantiating the claim that his right to counsel was abridged. Moreover, the State asserts that the trial judge's statement at the sentencing hearing that he believed the prior convictions to be invalid is proof that they were not considered for purposes of sentencing.

We reject the prosecution's assertion that the trial court did not consider defendant's prior convictions when imposing sentence. The record establishes that the court made the following statement at the time it imposed the sentence of imprisonment upon defendant:

> "The reason for the sentence as imposed by the Court is that the defendant has a history of prior delinquency and criminal activity, that the sentence is necessary to deter others from committing the same crime."

Although the court had recognized the possible invalidity of defendant's prior convictions, it expressly indicated that they constituted at least a part of the reason for imposing defendant's sentence.

■■ Embodied in the sixth amendment is the right of an indigent person accused of a felony to be represented by court-appointed counsel. No conviction for a felony may stand in a State court in proceedings in which such person is without counsel unless it is shown that the right to counsel has been knowingly and voluntarily waived. (*Gideon v. Wainwright.*) Further, the Supreme Court in *United States v. Tucker* held that the right to counsel as announced in *Gideon* would be seriously eroded if a trial court were permitted to rely on convictions obtained in violation of *Gideon* as a basis for determining sentence. Additionally, in *Farrow v. United States* (9th Cir. 1978), 580 F.2d 1339, the court held that a successful challenge to sentencing under *Tucker* requires that it be demonstrated that the prior conviction was unconstitutional under *Gideon* and that consideration of the invalid conviction by the trial court contributed to an enhancement of the sentence under appeal.

As an element of defendant's challenge to his sentencing in the instant case, defendant contends that he sufficiently established the invalidity of

the Mississippi convictions through his uncontroverted allegation at the sentencing hearing that he was denied "justice" by being required to go to trial without counsel.

It is correct that at the sentencing hearing the State introduced no evidence controverting defendant's claim that he was without counsel when the Mississippi convictions were obtained. Furthermore, the record contains no evidence that the absence of counsel was the result of a valid waiver of defendant's sixth amendment rights. It is well established that a court must indulge in every reasonable presumption against the waiver of a right as fundamental as the right to counsel. (*People v. Carter* (1979), 72 Ill. App. 3d 871, 391 N.E.2d 427.) Further, given defendant's claim that he was denied justice by being tried without counsel, it would be "highly unrealistic" to conclude that he had waived his right to counsel under *Gideon*, which was decided after two of the convictions but given retrospective application in *Pickelsimer v. Wainwright* (1963), 375 U.S. 2, 11 L. Ed. 2d 41, 84 S. Ct. 80. *Loper v. Beto* (1972), 40 U.S. 472, 31 L. Ed. 2d 374, 92 S. Ct. 1014.

We conclude, however, on the basis of the record before us, that defendant has failed conclusively to demonstrate that his Mississippi convictions were invalid for the purpose of challenging their use as a basis for the sentence in the instant case. Nevertheless, his oral representation to the trial court concerning their alleged invalidity requires that additional evidence be considered by the sentencing court to ascertain whether its use of defendant's prior convictions was impermissible under the rationale of *Tucker*. If additional evidence discloses that such prior convictions were inadmissible under *United States v. Tucker*, we direct that a new sentencing hearing be held in the trial court.

The court in *Farrow* further held that in order to prevail under *Tucker*, the defendant must demonstrate that his sentences were enhanced by the trial court's consideration of the Mississippi convictions. That such enhancement did occur is apparent from the trial court's statement concerning defendant's prior criminal history.

■■ As an additional requirement in order to support a successful challenge to a sentence under *Tucker*, the court in *Farrow* stated that the record must either disclose that the sentencing judge was under the mistaken belief that the prior conviction was valid or it must contradict the trial judge's disclaimer of reliance on any prior conviction which is invalid under *Gideon*. In the instant case, the trial court indicated that it was "inclined to agree" with defendant that his prior Mississippi convictions were invalid. However, in spite of its inclination concerning their validity, the court proceeded to impose sentence and stated that the history of defendant's "prior delinquency and criminal activity" and the need to deter others from committing the same crime were the reasons for

the sentences imposed by it. Aside from the Mississippi convictions, defendant's only other criminal activity was a traffic violation for driving without a valid driver's license. It would appear obvious that the court's reference to prior criminal history related to the Mississippi convictions rather than to the traffic offense. Thus, the convictions were treated by the court as if they were valid, despite the court's pronouncement that it considered the convictions probably to be invalid. It is our opinion that under such circumstances it was not necessary for defendant to establish that the sentencing judge was under the mistaken belief that the prior convictions were valid or that the court disclaimed any reliance on them in order successfully to challenge his sentence under *Tucker*. It would be incongruous to hold otherwise. We find a more compelling reason to require resentencing when the trial court recognized or suspected that a prior conviction was invalid under *Gideon* and relied on it when sentencing. We conclude, therefore, that where the trial court has reason to believe that defendant's prior convictions may be invalid under *Gideon v. Wainwright* and nevertheless considers them in sentencing defendant, the cause must be remanded in order for the trial court to determine whether defendant's prior convictions are invalid and, if they are, for the purpose of holding a new sentencing hearing.

For the reasons stated above, we remand this cause for further proceedings not inconsistent with this order.

We note that in remanding this cause it is not our intention to lend credence to the trial court's views on the quality of justice dispensed in the State of Mississippi.

We therefore remand this cause to the circuit court of St. Clair County for further proceedings not inconsistent with this opinion.

Remanded.

JONES and KARNS, JJ., concur.