THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NORMAN BEYAH, a/k/a Tony Downs, a/k/a Melvin Bethea, Defendant-Appellant.

First District (5th Division)    No. 80-1053

Opinion filed November 30, 1981.

Ralph Ruebner and William S. Clark, Jr., both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Richard T. Sikes, Jr., and Dianne O. Ghaster, Assistant State's Attorneys, of counsel), for the People.

JUSTICE MEJDA delivered the opinion of the court:

Defendant was found guilty of burglary (Ill. Rev. Stat. 1975, ch. 38, par. 19—1) and sentenced to a term of 5 to 15 years. On appeal, his conviction was affirmed but remanded for resentencing. Subsequently, he was resentenced to a term of 4 to 15 years in the Department of Corrections. Defendant now appeals the sentence. The issue presented for review is whether defendant's post-conviction refusal to cooperate with the police was improperly considered in aggravation upon sentencing. We affirm.

On July 12, 1977, following the return of a jury verdict of guilty to the charge of burglary, defendant was sentenced to serve a minimum of 5 and a maximum of 15 years in the Illinois State Penitentiary. On appeal, this court affirmed the conviction but remanded the case for a new sentencing

hearing because the trial court, in imposing sentence, had considered a prior conviction which the supreme court subsequently reversed. *People v. Beyah* (1979), 72 Ill. App. 3d 690, 391 N.E.2d 96.

On August 1, 1979, a second sentencing hearing was held before the same judge who had initially sentenced defendant. In aggravation the People referred the judge to his notes of the trial, the large amounts of money involved in the stolen negotiable instruments, the presentence report and defendant's criminal record, which included a previous sentence of 2 to 6 years for burglary and a 90-day sentence for theft. The People requested that the sentence of 5 to 15 years be reimposed. The court then inquired and received responses as follows:

> "THE COURT: Does the State have any information as to whether or not any additional stocks and bonds were ever recovered by the Chicago Police Department or Treasury Department since the defendant's arrest or since he was sentenced to the penitentiary?
>
> ASSISTANT STATE'S ATTORNEY: No, your Honor, I would indicate to the Court that the State has no further knowledge in relationship to any of the stocks and bonds being recovered.
>
> THE COURT: Does the State have any information as to whether or not the defendant ever cooperated with the police in attempting to get those stocks and bonds since the date of his arrest?
>
> ASSISTANT STATE'S ATTORNEY: No, your Honor, he never cooperated with the police in relationship to obtaining the other bearer bonds which are still to this day missing."

Defense counsel did not object to this court-initiated inquiry.

The judge then offered as part of mitigation a letter he received from an assistant warden assigned to program services for the Illinois Department of Corrections.

In mitigation, defense counsel reviewed defendant's age, marital status and past employment record, his prior enrollment in educational programs and institutions, and his work as a teacher's aide and tutor. Defense counsel requested that defendant's sentence be substantially reduced as defendant had shown during his period of incarceration after his conviction an attempt to better himself.

Defendant also addressed the court. He mentioned that he had received a new grant to attend school and also reviewed the numerous job offers he had received. The defendant asserted that he had changed and could now properly function in society.

Following the hearing in aggravation and mitigation, the court concluded:

" * * * I have reviewed your case in my case notes a number of times and in this case and the Appellate Court opinion. Based on your previous conviction by the jury, * * *, the charge of burglary, the Court will reduce your sentence modestly but it will affect your release time so that you will be available for release by the parole board at an earlier date.

The Court hereby sentences you to serve a term of four years to a maximum of fifteen years in the Illinois State Penitentiary."

Defendant appeals.

OPINION

Defendant asserts that the trial court erred in considering defendant's alleged post-conviction refusal to cooperate with the police in recovering the proceeds of the burglary, as defendant had a right to remain silent after conviction.

The State counters first that defendant waived any alleged error by failing to object at the sentencing hearing to the comments concerning his alleged lack of cooperation; and, second, that there was no error in sentencing as the sentence was justified by competent evidence produced at the hearing, and there is no showing that the judge considered this information in determining sentence.

Provision for the guaranty against compulsory incrimination is contained in both the fifth amendment to the United States Constitution which states: " * * * nor shall any person * * * be compelled in any criminal case to be a witness against himself * * * " applicable to the States through the due process clause of the fourteenth amendment (*Malloy v. Hogan* (1964), 378 U.S. 1, 12 L. Ed. 2d 653, 84 S. Ct. 1489) and the Constitution of Illinois, which provides: "No person shall be compelled in a criminal case to give evidence against himself" (Ill. Const. 1970, art. I, §10). These constitutional provisions have received the same general construction. (*People ex rel. Hanrahan v. Power* (1973), 54 Ill. 2d 154, 295 N.E.2d 472.) Generally, the privilege protects an accused from being compelled to testify against himself, or to otherwise provide the State with evidence of a testimonial or communicative nature. (*Schmerber v. California* (1966), 384 U.S. 757, 16 L. Ed. 2d 908, 86 S. Ct. 1826; *People ex rel. Bowman v. Woodward* (1976), 63 Ill. 2d 382, 349 N.E.2d 57.) The privilege has been held to be available to a defendant whose conviction has not become final because no sentence has been imposed (*People v. Hartley* (1974), 22 Ill. App. 3d 108, 317 N.E.2d 57) or where there has been a conviction but a post-trial motion or an appeal pends (*Hartley*). Thus, a defendant could invoke the privilege and refuse to assist the police in locating the fruits of the crime, certainly evidence of a testimonial or communicative nature, when his conviction had not yet become final or when an appeal is pending.

■■ The State asserts, however, that defendant waived any alleged error here by failing to object to the interchange between the prosecutor and the judge at the second sentencing hearing with regard to defendant's failure to assist the police in finding the stolen bonds, citing *Roberts v. United States* (1980), 445 U.S. 552, 63 L. Ed. 2d 622, 100 S. Ct. 1358. There the district court considered defendant's failure to assist the government in the investigation of on-going crimes as a factor in sentencing. The defendant did not object to this consideration. On appeal, defendant contended for the first time that the district court should not have considered his failure to cooperate in sentencing. The Court of Appeals vacated the special parole term but otherwise affirmed the judgment. (*United States v. Roberts* (D.C. Cir. 1979), 600 F.2d 815.) The United States Supreme Court also affirmed, stating that although defendant's fifth amendment argument would have merited serious consideration if presented to the district court, the fifth amendment was not self-executing. (445 U.S. 552, 559, 63 L. Ed. 2d 622, 629-30, 100 S. Ct. 1358, 1363-64.) Defendant's failure to assert the privilege in the district court constituted a waiver. 445 U.S. 552, 560, 63 L. Ed. 2d 622, 630, 100 S. Ct. 1358, 1364.

The record here clearly reveals that defendant failed to object to the allegedly erroneous interchange between the court and the Assistant State's Attorney at the second sentencing hearing. Nor do we accept defendant's assertion during oral argument before this court that defendant's objection to a similar interchange between the court and the Assistant State's Attorney at the first sentencing hearing preserved the alleged error committed at the second. A review of the record shows that the objection raised at the first sentencing hearing did not assert the privilege but was a general objection to the materiality and relevancy of the failure to cooperate. Accordingly, applying the rationale of *Roberts v. United States*, we conclude that defendant waived any alleged error at the second sentencing hearing in the trial court's alleged consideration of his post-conviction refusal to cooperate with the police in recovering the proceeds of the burglary.

Further, even if the issue had not been waived, a review of the record convinces us that no error was committed in sentencing.

■■■ In a hearing in mitigation and aggravation, it is presumed that the trial court disregarded any incompetent evidence. (*People v. Flynn* (1974), 23 Ill. App. 3d 730, 320 N.E.2d 138.) Therefore, the mere inclusion of improper factors in evidence during a sentencing hearing does not warrant relief absent an affirmative indication in the record that the court did consider the incompetent evidence in sentencing. *People v. Boyce* (1977), 51 Ill. App. 3d 549, 366 N.E.2d 914.

In the instant case the court, after noting that he had placed some reliance previously in sentencing on the reversed conviction, stated he had

reviewed the case, his notes and the appellate court opinion (which did not mandate a sentence reduction). The court then reduced defendant's sentence. This reduction in sentence will enable defendant to be eligible for an earlier parole release.

Thus, the only factor in the record which might indicate that the court relied on defendant's lack of assistance to the police to defendant's detriment in sentencing was that the court itself initiated the inquiry. However, the mere fact that a trial judge, before imposing sentencing, is aware of certain inadmissible facts does not automatically insure reversal of that sentence. *People v. Gaines* (1974), 21 Ill. App. 3d 839, 316 N.E.2d 14, citing with approval *People v. Wilson* (1973), 11 Ill. App. 3d 693, 297 N.E.2d 277.

We do not believe the record before us indicates such a clear abuse of discretion by the trial court to warrant a vacation of the sentence imposed. *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.

Accordingly, for the reasons cited herein, the sentence imposed by the trial court is affirmed.

Affirmed.

LORENZ and WILSON, JJ., concur.