THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CLIFTON DAVID TUCKER-EL, Defendant-Appellant.

Second District   No. 82—459

Opinion filed May 9, 1984.—Rehearing denied June 8, 1984.

G. Joseph Weller and Michael Braun, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (Phyllis J. Perko, Frank Weiss, and Wendy S. Paul, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE NASH delivered the opinion of the court:

After trial by jury, defendant, Clifton David Tucker-El, was convicted of burglary (Ill. Rev. Stat. 1981, ch. 38, par. 19—1(a)) and was sentenced to seven years' imprisonment. He appeals contending: (1) that his confession should have been suppressed for failure of the State to present a material witness at the suppression hearing, and the trial court further erred in denying defendant's request for a continuance so that he could subpoena that witness; (2) that his statutory right to a speedy trial was violated; and, (3) that in imposing sentence the trial court erroneously relied upon a prior conviction of defendant which had been reversed. He does not contest the sufficiency of the evidence to sustain his conviction.

Evidence at trial disclosed that on the afternoon of November 3, 1981, Lake Bluff police officers Carl Schones and Leon Raymond responded in separate cars to a burglary alarm at a Lake Bluff residence; the house, located on Green Bay Road, was vacant as the owner was in Florida. The officers saw that a door had been forced open and called for assistance. Two police officers from the Lake Forest police department came to the scene. On inspection of the house, the officers found defendant standing inside the front door; he was ordered to come out and was then placed face down on the ground and handcuffed. One of the Lake Forest police officers guarded defendant while Schones and Raymond looked through the house. In the master bedroom, they observed a chest of drawers which had been opened and empty boxes. After examining the house for about 20 minutes, the officers searched defendant and a pry tool, watch, di-

amond rings and necklaces were recovered from his person. The watch and jewelry were identified at trial as the property of the home's owner.

Defendant's confession to the commission of the burglary was given to Officers Raymond and Schones at the police station and introduced in trial. Defendant therein stated he had committed the burglary because he owed $25,000 to some people in Chicago who had threatened to kill him if he failed to pay them.

Defendant also testified at trial denying he had committed the burglary and repudiating his confession as the product of police threats to kill him if he did not confess. According to defendant, he had been walking on a Lake Bluff street on that day when Officer Schones stopped him and asked what he was doing in town. The officer then drew his weapon and placed defendant in a patrol car and drove him to the house on Green Bay Road; en route Schones advised other police officers via radio he had a suspect in custody who looked like one of the several black men earlier seen in the area in a suspicious car. Defendant further testified that three or four police cars were at the house on Green Bay Road when he and Schones arrived. Defendant was then forced to lie face down on the ground outside the house and, he stated, Schones threatened to kill him at that time. Another police officer then came over to him and pointed an empty shotgun at his head and pulled the trigger several times as he ordered defendant to confess to having burglarized the house or be killed. Defendant stated he was on the ground for about 20 minutes during which time some of the officers were in the house after having gained entry by a key. He testified that later at the police station he was again threatened before he gave his confession. Defendant denied that any of the items introduced into evidence had been removed from his person during the search.

Before trial, defendant filed a motion to suppress his confession in which he alleged that he had been forced to lie upon the ground while police pointed a shotgun at his head and several times pulled the trigger while warning him if he did not confess he would not make it to jail. The motion did not specify the identity of the officers involved and accused the Lake Bluff police department of the coercion which led to this confession. At the pretrial hearing of defendant's suppression motion the State called Lake Bluff police officers Carl Schones and Leon Raymond to testify to the circumstances of his arrest and confession. As relevant, the officers stated that they had handcuffed defendant and required him to lie on the ground at the time of his arrest and that he had been left under the watch of a Lake Forest

police officer while Schones and Raymond examined the interior of the house. The officers testified they had not threatened defendant with any harm if he declined to make a statement.

After the officers testified defendant asked the court for a continuance of the proceedings since the State had not produced all officers who were involved with his arrest. The trial judge declined to do so, stating that the State did not have to bring them forth and that if defendant wanted them to be present he could have subpoenaed them. Defendant thereupon moved for a continuance in order to subpoena the missing officers. The trial court denied defendant's motion as he had not exercised his right to do so prior to the hearing. Defendant did not testify at the hearing, and the motion to suppress his confession was denied.

We consider first whether the trial court erred in denying defendant's motion to suppress his confession.

When the voluntariness of a confession has been challenged, the State has the burden of producing all witnesses material to that issue or explain their absence. (*People v. Armstrong* (1972), 51 Ill. 2d 471, 475-76, 282 N.E.2d 712; Ill. Rev. Stat. 1983, ch. 38, par. 114—11(d).) Defendant argues the rule was violated by the State's failure to call the Lake Forest police officer who had allegedly threatened him with a shotgun and, also, by denying defendant's request for a continuance in order to subpoena the witness. The State responds that any error was waived by defendant's failure to raise this issue in his post-trial motion and, alternately, that the failure to call further witnesses by the State was excused as defendant's motion failed to sufficiently apprise it of the persons responsible for the claimed coercion so as to enable the State to identify and call other material witnesses.

■ It is apparent defendant has waived these issues for review as he failed to preserve them by inclusion in his post-trial motion (*People v. Precup* (1978), 73 Ill. 2d 7, 16, 382 N.E.2d 227; *People v. Lenninger* (1980), 88 Ill. App. 3d 801, 804, 410 N.E.2d 1157). In *Mincey v. Arizona* (1978), 437 U.S. 385, 398, 57 L. Ed. 2d 290, 303, 98 S. Ct. 2408, 2416); however, the court held that "*any* criminal trial use against a defendant of his *involuntary* statement is a denial of due process of law 'even though there is ample evidence aside from the confession to support the conviction.'" (Emphasis in original.) We conclude defendant's contention must be reviewed pursuant to the plain error doctrine of Supreme Court Rule 615(a) (87 Ill. 2d R. 615(a)).

■ We do not find merit in the State's argument that it was insufficiently advised by defendant's motion to suppress to enable it to

call all material witnesses. The motion alleged that at the time of his arrest he was made to lie upon the ground while the police held an empty shotgun to his head and pulled the trigger several times, telling defendant he had better sign a confession or he would not make it to jail. It is also apparent that the officer who guarded defendant during the 20-minute interval while other officers searched the house was not produced as a witness. Nor was defendant permitted to call that officer as a witness in the suppression hearing.

In *People v. Glanton* (1975), 33 Ill. App. 3d 124, 140-41, 338 N.E.2d 30, the court, in discussing production of material witnesses, stated, "The purpose of the requirement is to compel the State to produce those officers who were witnesses to, or who had a role in procuring, the making of the controverted statement." Because of defendant's allegations, it seems apparent that the officer who guarded him was a material witness necessary to the issue of whether defendant's ultimate confession was voluntary. *People v. Armstrong* (1972), 51 Ill. 2d 471, 476, 282 N.E.2d 712; *People v. Lumpp* (1983), 113 Ill. App. 3d 694, 699, 447 N.E.2d 963, *appeal denied* (1983), 96 Ill. 2d 546; *People v. Feagans* (1983), 118 Ill. App. 3d 991, 995-96, 455 N.E.2d 871.

Our conclusion does not require that defendant's conviction be reversed, however, but that it be remanded for a new, full hearing on the voluntariness and admissibility of defendant's confession. (See *People v. King* (1975), 61 Ill. 2d 326, 329, 335 N.E.2d 417; *People v. Parquette* (1984), 123 Ill. App. 3d 233; *People v. White* (1973), 10 Ill. App. 3d 914, 923, 295 N.E.2d 300.) If after hearing defendant's confession is found to be voluntary and admissible, the trial court should enter a new judgment of conviction. If the confession is not determined to have been voluntary, the court will vacate the judgment of conviction and grant defendant a new trial.

■ Defendant also contends he was denied his statutory right to a speedy trial (Ill. Rev. Stat. 1981, ch. 38, par. 103—5). He was arrested on November 3, 1981, and was not brought to trial until May 3, 1982; throughout that 181-day period of time defendant remained in custody. The issue, as framed by defendant, is whether the running of the term was tolled by an eight-day continuance of the preliminary hearing due to his physical incapacity and for the delay occasioned by defendant's *pro se* motion for a change of venue.

At the original preliminary hearing on November 12, 1981, defendant collapsed in the courtroom and had to be taken to a hospital before the proceeding could begin; the court rescheduled the hearing for November 20. Defendant argues that as the continuance was

not at his request it may not be charged to him.

The speedy-trial term is suspended during a continuance necessitated because a defendant is physically unable to appear in court, and it may be granted on the court's own motion. (Ill. Rev. Stat. 1981, ch. 38, par. 114—4.) The statute also provides that the speedy-trial term starts to run again once the court has determined, after presentation of evidence, that the physical condition necessitating a continuance has sufficiently improved so that defendant can appear in court. While it does appear the continuance in this case was ordered for a specific period of time by the trial court without knowledge of the extent of defendant's incapacity, defendant did not advise the court that he could proceed with the preliminary hearing prior to November 20, if such was the case. Since he failed to do so, we find that the 120-day term did not run during the period of defendant's incapacity.

We also conclude that the delay occasioned by defendant's motion for change of venue filed by him on January 27, 1982, and withdrawn on March 26, 1982, is chargeable to defendant. Prior to filing his *pro se* motion defendant had waived counsel, but when it came up for hearing on February 8, the trial court questioned its legal sufficiency and offered defendant the choice of having the motion then heard or appointing counsel to assist defendant with it. Defendant chose to have counsel appointed and the hearing of the motion was continued. Defendant argues that not all of the delay which followed until he withdrew the motion should be attributed to him because appointed counsel failed to expeditiously act.

■ The time required to hear and decide a motion for change of venue is delay attributable to the defendant (*People v. Ortiz* (1979), 70 Ill. App. 3d 684, 686, 388 N.E.2d 891), and the trial court so advised him. Defendant argues he should not be charged with all of the delay attending his motion because some of it resulted from counsel's lack of diligence; particularly, he argues that he should not be charged with the period of time from March 17 to when the motion was withdrawn on March 26. On March 17 defendant filed a petition for a writ of *habeas corpus* which alleged that appointed counsel lacked diligence in seeking a hearing of defendant's change of venue motion. However, that petition did not request that the motion be withdrawn; indeed, it reiterated his request for a change of venue. Despite any lack of diligence on the part of counsel, as of March 17 defendant was still seeking a change of venue and his original motion was not withdrawn by him until March 26. We conclude he was correctly charged with that period of time (see *People v. Ortiz* (1979), 70 Ill. App. 3d 684, 388 N.E.2d 891), and his right to a speedy trial was not violated.

■ Defendant finally contends that his sentence must be vacated and the cause remanded for a determination of whether one of his prior convictions, claimed to have been relied upon by the trial court in sentencing, had been reversed.

At the commencement of the sentencing hearing the court inquired whether defendant had read the presentence report and had any corrections or additions to it. When defendant replied there were no corrections the court proceeded to hear evidence in aggravation and mitigation. The assistant State's Attorney referred to the many prior convictions of defendant reflected in the presentence report, including three convictions for burglary in the State of California. Defendant then interjected that one of his California convictions had been reversed, without further explanation. In imposing sentence the trial judge referred to defendant's long history of prior offenses as shown by the presentence report and thereafter imposed the maximum seven-year sentence for the present offense.

It is well established that a sentence cannot be based on a conviction which has been reversed. (*People v. Reynolds* (1983), 116 Ill. App. 3d 328, 330-31, 451 N.E.2d 1003; *People v. Merneigh* (1981), 101 Ill. App. 3d 536, 537, 428 N.E.2d 688, *appeal denied* (1982), 91 Ill. 2d 563.) However, in order for a defendant to prevail in such circumstances he must affirmatively demonstrate that the trial court relied upon an invalid conviction in sentencing him. (See *People v. Payne* (1983), 98 Ill. 2d 45, 456 N.E.2d 44; *People v. Longoria* (1983), 117 Ill. App. 3d 241, 452 N.E.2d 1350, *appeal denied* (1983), 96 Ill. 2d 563; *People v. Merchel* (1980), 91 Ill. App. 3d 285, 414 N.E.2d 804.) It is presumed that a sentencing court recognized and disregarded incompetent evidence introduced at a sentencing hearing, such as an invalid conviction. (*People v. Spicer* (1970), 47 Ill. 2d 114, 119, 264 N.E.2d 181; *People v. Kirkwood* (1980), 82 Ill. App. 3d 252, 263, 402 N.E.2d 677.) Only if the record rebuts this presumption, can a defendant prevail on such a claim. *People v. Handley* (1977), 51 Ill. App. 3d 68, 74, 366 N.E.2d 405.

We do not consider the presumption has been rebutted in this instance. Defendant's presentence report listed three California convictions for burglary, the first of which occurred in 1979. Also listed were Illinois convictions for robbery, aggravated battery, criminal trespass, impersonating a government official, false personation, and two convictions for unlawful use of a weapon. In recommending a sentence of seven years, the prosecutor correctly noted defendant had an extensive record of prior convictions. It was at this point that defendant advised the court the State had misconstrued his record of felony

convictions outside the State of Illinois stating he had been convicted of a felony in California which had later been reversed. In sentencing defendant the court made no explicit disclaimer of reliance on all three of the California convictions noted in the presentence report. However, silence of the court does not rebut the presumption that it followed the law and disregarded a suspect conviction. (*People v. Hamilton* (1978), 64 Ill. App. 3d 276, 278, 381 N.E.2d 74.) The court was not required to state its forebearance to consider the conviction and the record does not otherwise indicate that it did consider it. (*People v. Meeks* (1980), 81 Ill. 2d 524, 534, 411 N.E.2d 9.) Defendant relies upon *People v. Reynolds* (1983), 116 Ill. App. 3d 328, 451 N.E.2d 1003, in which this court concluded that the sentencing judge had considered a conviction which was subsequently reversed in imposing sentence. There, the record demonstrated that the prosecutor had referred to the conviction in his sentencing argument, and the court had stated that it had considered the presentence report which listed the conviction. In *Reynolds*, however, the invalid conviction was not reversed until after the sentencing hearing, and the trial judge therefore had no reason to believe that one of the convictions cited in aggravation could not be considered for sentencing. (116 Ill. App 3d 328, 330-31.) Thus, the presumption that the court followed the law by disregarding an improper conviction could not apply in *Reynolds*. In the present case the presentence report listed three prior California convictions and the prosecutor did refer to those in his argument before defendant had claimed that one had been reversed. These circumstances do not affirmatively rebut the presumption that the court then disregarded the challenged conviction. (*People v. Beyah* (1981), 102 Ill. App. 3d 434, 437, 430 N.E.2d 83.) Nor can it be here contended that because the trial court read the convictions listed in the presentence report and referred generally to California convictions, that the court considered in sentencing that conviction which defendant stated had been reversed. (See *People v. Miller* (1983), 115 Ill. App. 3d 592, 450 N.E.2d 767, *appeal denied* (1983), 96 Ill. 2d 547.) When the trial court noted the California convictions, there were still two recent convictions in that State which had been unchallenged by defendant. Defendant also relies upon *People v. Phinnizee* (1981), 92 Ill. App. 3d 590, 416 N.E.2d 55. There, however, the trial court in fixing sentence expressly noted in support of the substantial sentence imposed that defendant had a history of prior criminal convictions, whereas, except for the three convictions challenged by defendant as invalid, his only prior conviction was for driving without a valid driver's license. We conclude that the record does not support defendant's

assertion that the challenged California conviction in this case was considered by the trial court in imposing sentence.

We also consider in this case that the sentence imposed was not an abuse of discretion on the part of the trial court in view of the extensive criminal record of defendant which he has not challenged. Even had the court considered the third California burglary conviction in imposing sentence that would have been simply cumulative and, therefore, harmless in this case. *People v. Calvert* (1981), 100 Ill. App. 3d 510, 426 N.E.2d 1218.

Accordingly, this cause is remanded for a new hearing of defendant's motion to suppress his confession in accordance with the views expressed in our opinion.

Reversed and remanded with directions.

SEIDENFELD, P.J., and UNVERZAGT, J., concur.