THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CHARLES CALVERT, Defendant-Appellant.

Fourth District    No. 17046

Opinion filed September 16, 1981.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

J. William Roberts, State's Attorney, of Springfield (Robert J. Biderman, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

On February 3, 1981, defendant, Charles Calvert, was convicted of the offense of criminal damage to property having a value in excess of $150, following a jury trial in the circuit court of Sangamon County. Thereafter defendant was sentenced to 2 years' probation conditioned upon his: (1) payment of restitution in the sum of $524.25 plus court costs; (2) spending 90 days in jail; (3) having no contact with the owner of the property which defendant damaged; and (4) cooperating in a counseling program.

The sole issue on appeal concerns whether the trial court could properly consider, in sentencing defendant, a finding of guilt on an earlier charge where defendant was given a disposition of supervision and successfully completed the supervision.

Defendant was charged with damaging four automobile tires belonging to Marilyn Korach. Korach's two daughters testified that on August 5, 1980, they heard a hissing sound and saw defendant slitting the tires of Korach's automobile. Korach and her daughters testified to threats made by defendant earlier that day.

At the sentencing hearing, the trial court questioned defendant about a 1978 charge of battery on which defendant was found guilty following a jury trial. Defendant had then been placed on court supervision on March 16, 1979. The instant presentence report indicated that supervision was terminated on April 25, 1980, with no conviction resulting. The presentence report also indicated that defendant had three prior convictions for aggravated assault, theft, and disorderly conduct. The trial judge stated that he would not consider any charges not resulting in conviction. However, in sentencing defendant the judge stated, "But he does have one, two, three, four convictions of various things prior to this." As defendant contends, this statement shows that the trial judge did consider the battery charge for which defendant was given the disposition of supervision.

Section 5—6—3.1(f) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—3.1(f)) states,

> "Discharge and dismissal upon a successful conclusion of a disposition of supervision shall be deemed without adjudication of guilt and shall not be termed a conviction for purposes of disqualification or disabilities imposed by law upon conviction of a crime. Two years after the discharge and dismissal under this Section a person may have his record of arrest expunged as may be provided by law. However, any defendant placed on supervision before January 1, 1980, may move for expungement of his arrest record, as provided by law, at any time after discharge and dismissal under this Section."

In *People v. Wunnenberg* (1981), 85 Ill. 2d 188, 421 N.E.2d 905, the supreme court construed a Federal statute which provided for the setting aside of a conviction where a court, in its discretion, unconditionally discharged a youth offender from probation prior to the expiration of the maximum period of probation fixed by the court. In that case a defendant's prior conviction, which had been set aside under the statute, was considered as an aggravating factor in sentencing. The supreme court held that the set-aside conviction under the statute should not have subsequent repercussions, either of a criminal or noncriminal nature, and should not have been considered in sentencing defendant.

The Federal statute states that the conviction is set aside when the court unconditionally discharges a youth offender. The Illinois statute states that the completion of a disposition of supervision shall be deemed without adjudication of guilt. We consider the language of the two statutes to have the same meaning. Therefore the effect of the Illinois statute is the same as that of the Federal statute.

Because of the direct analogy between the two statutes, we conclude that the trial judge should not have given consideration to defendant's 1978 battery charge which resulted in the disposition of supervision.

However, defendant had three prior convictions, and obviously, whatever consideration was given to the battery charge was of a cumulative nature. We conclude that the consideration of the battery charge was harmless error.

Accordingly, the sentence of the trial court is affirmed.

Affirmed.

MILLS and WEBBER, JJ., concur.