(No. 61709.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JAMES COLEMAN, Appellee.

*Opinion filed January 23, 1986.*

Neil F. Hartigan, Attorney General, of Springfield, and Richard M. Daley, State's Attorney, of Chicago (Mark L. Rotert, Assistant Attorney General, and Joan S. Cherry, Thomas V. Gainer, Jr., and Donald P. Jonker, Assistant State's Attorneys, of Chicago, of counsel), for the People.

Neville, Pappas & Mahoney, of Chicago (Ronald F. Neville and Matthew P. Walsh, of counsel), for appellee.

JUSTICE MILLER delivered the opinion of the court:

Defendant, James Coleman, was charged with driving under the influence of alcohol, in violation of section 11—501(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501(a)). Although he had received court supervision three years earlier for violating the same statute, the defendant pleaded guilty to the charge in the circuit court of Cook County and requested another term of supervision. Section 5—6—1(d) of the Unified Code of Corrections (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 1005—6—1(d)) provides, however, that courts may not grant supervision to a defendant charged with driving under the influence of alcohol if the defendant has, within the previous five years, received supervision for the same offense. The trial judge accepted the defendant's plea. Noting that section 5—6—1(d) became

effective after defendant's first offense but prior to his second charge, the trial judge concluded that section 5—6—1(d) was an *ex post facto* law as applied to this defendant, and constituted an unconstitutional violation of the defendant's right to equal protection. The judge then granted the defendant's request for supervision. The State now appeals directly to this court, pursuant to Supreme Court Rule 603 (87 Ill. 2d R. 603).

The record discloses that on August 3, 1984, defendant was arrested and charged with driving while under the influence of alcohol, in violation of section 11—501(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501(a)). On February 26, 1985, defendant appeared in Cook County circuit court and pleaded guilty to the charges. The prosecutor informed the trial judge that defendant had been arrested for driving under the influence of alcohol in 1981. Defendant had then been placed on court supervision, and had been ordered to participate in the Alcohol Safety Education Program (A.S.E.P.). The prosecutor stated that because the defendant had been on supervision within the past five years for driving under the influence, section 5—6—1(d) of the Unified Code of Corrections (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 1005—6—1(d)) rendered defendant ineligible for supervision for the present charge.

Defense counsel acknowledged that defendant had been arrested in 1981 for driving under the influence of alcohol. Defense counsel stated that, when defendant entered into a plea agreement to obtain supervision in 1981, the five-year prohibition on subsequent supervision did not exist. Counsel argued that section 5—6—1(d) was enacted after defendant's supervision, and was *ex post facto* as to this defendant because, at the time of the plea agreement, defendant was without notice that he could not obtain supervision again for five years. Defense counsel further suggested that denying defendant

the opportunity to obtain court supervision was a denial of his constitutional right to equal protection.

The trial judge held that section 5—6—1(d) was an *ex post facto* law as to this defendant; the judge also found that the section denied defendant's constitutional rights to equal protection. The judge noted that the earlier charges against defendant had been dismissed upon his successful completion of supervision and A.S.E.P. Stating that the defendant stood in the same position as any other person who had no prior convictions for driving under the influence, the trial judge placed defendant on court supervision and ordered him to participate again in A.S.E.P. On appeal, the State now urges that section 5—6—1(d) is neither an *ex post facto* law nor a denial of defendant's equal protection rights.

Section 5—6—1(c) of the Unified Code of Corrections (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 1005—6—1(c)) authorizes a court, under specified circumstances, to enter an order of supervision of a defendant and thereby defer further proceedings and the imposition of sentence. To be eligible for supervision, a defendant must either plead guilty, be found guilty, or stipulate to facts supporting the charge against him or her. In determining whether to impose supervision, the court must consider whether it is likely that the offender will commit further crimes, and consider the best interests of the defendant and the public.

Effective January 1, 1984, section 5—6—1(d) prohibited courts from ordering supervision of persons previously convicted of, or assigned supervision for, driving under the influence of alcohol in violation of section 11—501 of the Illinois Vehicle Code (Ill. Rev. Stat., 1984 Supp., ch. 95½, par. 11—501). Section 5—6—1(d) stated:

"(d) The provisions of paragraph (c) shall not apply to a defendant charged with violating Section 11—501 of The Illinois Vehicle Code or a similar provision of a local

ordinance if said defendant has previously been convicted or assigned supervision for a violation of Section 11—501 of The Illinois Vehicle Code or a similar provision of a local ordinance within a 5 year period commencing on the date the defendant was previously convicted or assigned supervision.

\*\*\*" Ill. Rev. Stat., 1984 Supp., ch. 38, par. 1005—6—1(d).

The Illinois General Assembly has recently amended section 5—6—1(d) by enacting Public Act 84—916. The amendments, effective January 1, 1986, do not substantively affect the present case.

Defendant contends that because section 5—6—1(d) was originally enacted subsequent to his first offense of driving under the influence, the law is *ex post facto* as it applies to him. We disagree. A statute increasing the sanction for a second offense is not *ex post facto* merely because adjudication of the first offense occurred before the statute was enacted or became effective. (*People ex rel. Carey v. Chrastka* (1980), 83 Ill. 2d 67, 77; *People v. Turner* (1947), 396 Ill. 221, 223; see *Gryger v. Burke* (1948), 334 U.S. 728, 732, 92 L. Ed. 1683, 1687, 68 S. Ct. 1256, 1258 (upholding application of recidivist statute where one of prior convictions occurred before enactment of the recidivist act).) The addition of paragraph (d) to section 5—6—1 of the Unified Code of Corrections did not increase the penalty imposed on offenses which occurred prior to the effective date of that section. Rather, the amendment created an enhanced penalty for offenses occurring subsequent to the effective date of the statute.

The cornerstone of the constitutional prohibitions against *ex post facto* laws is that persons have a right to fair warning of that conduct which will give rise to criminal penalties. (*Marks v. United States* (1977), 430 U.S. 188, 191-92, 51 L. Ed. 2d 260, 265, 97 S. Ct. 990, 992-93.) Persons are also entitled to fair warning of the pun-

ishment which the State may impose on the violators of its laws. (*Dobbert v. Florida* (1977), 432 U.S. 282, 53 L. Ed. 2d 344, 97 S. Ct. 2290; see, *e.g., People v. Wyckoff* (1969), 106 Ill. App. 2d 360.) Section 5—6—1(d) became effective January 1, 1984, more than seven months before defendant's subsequent arrest in August 1984. Here, defendant had adequate notice at the time of his second arrest that being convicted of driving under the influence of alcohol within five years of his prior term of supervision would subject him to a heightened sanction. We find the application of section 5—6—1(d) to defendant, therefore, violates neither Federal nor State constitutional provisions against *ex post facto* laws.

Our holding is in accord with other States which have upheld, against *ex post facto* challenges, similar recidivist statutes aimed at intoxicated drivers. In *Commonwealth v. Murphy* (1983), 389 Mass. 316, 451 N.E.2d 95, the Supreme Judicial Court of Massachusetts considered a case factually parallel to the present case. The court found no fundamental unfairness in applying a repeat-offender statute to a defendant where the statute was enacted and became effective in the interim between defendant's first supervision and his second arrest. Declaring that any enhanced penalty resulted solely from the second incident, the court held that the Massachusetts statute did not violate *ex post facto* prohibitions. Courts of other States have uniformly ruled that no *ex post facto* violations exist in factual contexts similar to the present case. *Banks v. State* (Alaska 1980), 619 P.2d 720; *State v. Yellowmexican* (Ct. App. 1984), 142 Ariz. 205, 688 P.2d 1097, *approved* (1984), 142 Ariz. 91, 688 P.2d 983 (*en banc*); *Sims v. State* (1977), 262 Ark. 288, 556 S.W.2d 141; *State ex rel. Van Natta v. Rising* (1974), 262 Ind. 33, 310 N.E.2d 873; *State v. Willis* (Minn. 1983), 332 N.W.2d 180; *State v. Acton* (Mo. 1984), 665 S.W.2d 618; *State v. Levey* (1982), 122 N.H. 375, 445

A.2d 1089; *Commonwealth v. Grady* (1984), 337 Pa. Super. 174, 486 A.2d 962.

Defendant also argues that section 5—6—1(d) denies his right to equal protection under the Federal and State constitutions. Defendant asserts that because charges against him were dismissed after he successfully completed supervision, he did not have a conviction for driving under the influence of alcohol on his record at the time of his second arrest. He submits that no basis exists for classifying him differently than others who have never been charged with, or who have been acquitted of, driving under the influence.

The equal protection clauses of the Federal and State constitutions do not deny the State the power to treat different classes of people in different ways. (*Eisenstadt v. Baird* (1972), 405 U.S. 438, 446-47, 31 L. Ed. 2d 349, 358, 92 S. Ct. 1029, 1034-35; *People v. La Pointe* (1981), 88 Ill. 2d 482, 500.) To comply with equal protection requirements, there must be a reasonable basis for distinguishing the class to which the law applies from the class to which the statute is inapplicable. (*People v. McCabe* (1971), 49 Ill. 2d 338, 341.) Defendant concedes that a rational basis exists under section 5—6—1(d) for treating those with prior convictions for driving under the influence differently than those never convicted of that offense. Defendant contends, however, that persons charged with driving under the influence who receive supervision and dismissal of charges against them are indistinguishable as a class from those never charged with the offense.

A person who has previously received court supervision for driving under the influence of alcohol, with the dismissal of charges at the end of the supervision term, does not have a conviction on his record for that offense. To have been eligible for the term of supervision for driving under the influence, however, the person must

necessarily either have pleaded guilty to, or stipulated to facts supporting, the underlying charge, or have been found guilty of the offense. (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 1005—6—1(c).) Persons who have never been charged with, or who have been acquitted of, driving under the influence have not previously admitted either guilt or inculpatory facts, nor have they been found guilty of such misconduct. A rational basis exists, therefore, for distinguishing those who have previously undergone supervision from those who have not.

Defendant further contends that because prior charges against him were dismissed at the conclusion of his prior term of supervision, he has no prior conviction for driving under the influence of alcohol which can now be considered for sentencing purposes. When determining the sentence to be imposed upon a defendant, a court is not limited to considering only prior convictions. Rather, the court may consider other factors which tend to aggravate or mitigate the present offense. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 494-98.) In section 5—6—1(d), the legislature has defined dispositions of supervision for driving under the influence as factors sufficiently aggravating to statutorily preclude courts from ordering supervision within five years of the prior disposition. The legislature, under the State's police power, has broad discretion to define offenses and prescribe penalties and aggravating factors for the offenses. *People v. La Pointe* (1981), 88 Ill. 2d 482, 500; *People v. McCabe* (1971), 49 Ill. 2d 338, 340-41.

Finally, defendant claims that consideration of his past term of supervision to preclude supervision for the present charge violates section 5—6—3.1(f) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—3.1(f)). Section 5—6—3.1(f) reads:

"(f) Discharge and dismissal upon a successful conclusion of a disposition of supervision shall be deemed with-

out adjudication of guilt and shall not be termed a conviction for purposes of disqualification or disabilities imposed by law upon conviction of a crime."

Use of a prior disposition of supervision as an aggravating factor in sentencing is not a "disqualification or disability imposed by law." Rather, that phrase contemplates certain rights which are lost as a matter of law by criminal convictions. These include the right to hold public office (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 1005—5—5(b)), to vote (Ill. Rev. Stat. 1983, ch. 46, par. 3—5), and to possess a firearm (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 24—3.1). (*People v. Talach* (1983), 114 Ill. App. 3d 813, 826.) Section 5—6—3.1(f) does not prohibit a court, when ruling on a present request for supervision, from considering a prior disposition of supervision for driving under the influence. Rather, section 5—6—1(d) of the Unified Code of Corrections provides that a court must determine whether defendants charged with driving under the influence have either been convicted of or received supervision for that offense within the preceding five years. We see no conflict between section 5—6—3.1(f) and section 5—6—1(d).

For the reasons stated, we find that section 5—6—1(d) is not an unconstitutional *ex post facto* law as applied to this defendant, nor does the statute violate constitutional guarantees of equal protection. Accordingly, we vacate the trial court's order of supervision and remand to the trial court for resentencing.

*Reversed and remanded,*
*with directions.*