THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALBERT WEST, Defendant-Appellant.

First District (3rd Division)    No. 86—2340

Opinion filed August 26, 1987.

Richard F. Faust, of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Rimas F. Cernius, and Laura A. Gray, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

After a bench trial, defendant Albert West was found guilty of possession of a stolen motor vehicle. The court sentenced defendant to a term of four years. The sole issue on appeal is whether the trial court improperly considered an earlier disposition of supervision (Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—3.1(f)) in sentencing defendant to a prison term.

At the sentencing hearing, the State argued in aggravation that defendant had a 1983 felony conviction for possession of a stolen motor vehicle, for which he was placed on probation. The probation was terminated unsatisfactorily. In addition, defendant had a 1981 conviction for battery. He received supervision, which was successfully completed. The State also argued that defendant's numerous bond forfeitures indicated he could not keep his obligations to the court system.

Defense counsel argued in mitigation that defendant had tried to return the automobile. Defendant assured the court that if given probation, he would complete it successfully. Defense counsel also argued that the battery conviction could not be considered in aggravation because supervision was successfully completed. The trial court indicated that it would accept the supervision not as a conviction, but instead for the limited purpose of deciding whether or not defendant should receive probation. The court found that "probation would be

inconsistent with the ends of justice after he had received probation previously and [it] was terminated unsatisfactorily and after he had supervision prior to this."

The successful completion of a disposition of supervision "shall be deemed without adjudication of guilt and shall not be termed a conviction for purposes of disqualification or disabilities imposed by law upon conviction of crime." (Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—3.1(f).) There is a split authority in Illinois regarding whether a sentencing court may consider a prior disposition of supervision.

In *People v. Calvert* (1981), 100 Ill. App. 3d 510, 426 N.E.2d 1218, the Fourth District held that the trial court erroneously considered a previous successfully terminated disposition of supervision in sentencing defendant. The court in *Calvert* relied on *People v. Wunnenberg* (1981), 85 Ill. 2d 188, 421 N.E.2d 905, where the court found it was improper for a sentencing court to consider a prior conviction set aside under the Federal Youth Corrections Act. (18 U.S.C. sec. 5021(b) (1964).) The *Calvert* court found, however, that the trial court's consideration of the supervision disposition was harmless error because defendant had three prior convictions and thus whatever consideration was given to the supervision charge was of a cumulative nature.

In *People v. Talach* (1983), 114 Ill. App. 3d 813, 448 N.E.2d 638, the Second District held that a supervision disposition which was successfully completed but not expunged is a relevant and proper consideration in a sentencing hearing. The *Talach* court rejected the holding in *Calvert*. It criticized the analogy to the Federal Youth Corrections Act on the basis that the Illinois supervision provision did not provide for automatic expungement. In *People v. Hightower* (1985), 138 Ill. App. 3d 5, 485 N.E.2d 452, the Third District followed *Talach* and rejected the holding in *Calvert*.

We agree with the rationale and holdings set forth in *People v. Talach* and *People v. Hightower,* and we decline to adopt the reasoning in *People v. Calvert.* Section 5—6—3.1(f) permits a defendant who has successfully completed a disposition of supervision to move for expungement of his arrest record two years after the discharge of defendant and dismissal of the charges. (Ill. Rev. Stat. 1985, ch. 38, par. 5—6—3.1(f).) Defendant was convicted of possession of a stolen vehicle in 1983, and therefore expungement would not be available as to the supervision disposition which was within two years of the later felony conviction. Any possible analogy between the automatic setting aside of convictions under the Federal Youth Corrections Act and the possible expungement under the Illinois supervision statute would not

apply here. See *People v. Talach* (1983), 114 Ill. App. 3d 813, 448 N.E.2d 638.

■■■ The trial court must have wide latitude in receiving evidence relevant to sentencing. (114 Ill. App. 3d 813, 448 N.E.2d 638.) The actual prosecution and conviction for misconduct is not controlling as to admissibility at a sentencing hearing. More important are questions of relevancy and accuracy of the information. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 431 N.E.2d 344.) A trial judge may properly receive proof of criminal conduct for which there was no prosecution and conviction. (88 Ill. 2d 482, 431 N.E.2d 344.) Under the facts presented here, the previous supervision was relevant to a determination of whether probation or a prison term was a proper sentence. Moreover, the information concerning the prior supervision was trustworthy and the accuracy of the information was not challenged by defendant. (88 Ill. 2d 482, 431 N.E.2d 344; *People v. Talach* (1983), 114 Ill. App. 3d 813, 448 N.E.2d 638.) Because of its relevance and accuracy, the supervision disposition was a proper consideration for the trial court at the sentencing hearing. Notwithstanding this holding, we emphasize that the denial of probation was not an abuse of discretion where the court's consideration of the supervision disposition was only cumulative of the 1983 conviction for the same offense for which defendant was convicted here. See *People v. Tucker-El* (1984), 123 Ill. App. 3d 955, 463 N.E.2d 991; *People v. Talach* (1983), 114 Ill. App. 3d 813, 448 N.E.2d 638; *People v. Calvert* (1981), 100 Ill. App. 3d 510, 426 N.E.2d 1218.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

WHITE and FREEMAN, JJ., concur.