**UNITED STATES of America, Plaintiff,**

v.

**Ramon RUIZ, Defendant.**

**No. 89 CR 693–1.**

United States District Court,
N.D. Illinois, E.D.

March 30, 1990.

Stephanie Uhlarik, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Keith Spielfogel, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

Defendant Ramon Ruiz has pleaded guilty to Count One of a two-count indictment. Count One charges Ruiz with conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846. Pending is a dispute between Ruiz and the government concerning proper application of the Sentencing Guidelines.

On September 5, 1980, defendant pleaded guilty in an Illinois state court to a charge of unlawful use of a weapon. He received a sentence of one year of court supervision, pursuant to Ill.Rev.Stat. ch. 38 ¶ 1005–6–3.1, which provides in part:

> (e) At the conclusion of the period of supervision, if the court determines that the defendant has successfully complied with all of the conditions of supervision, the court shall discharge

the defendant and enter a judgment dismissing the charges.

(f) Discharge and dismissal upon a successful conclusion of a disposition of supervision shall be deemed without adjudication of guilt and shall not be termed a conviction for purposes of disqualification or disabilities imposed by law upon conviction of a crime. Two years after the discharge and dismissal under this Section, ... a person may have his record of arrest expunged as may be provided by law.

Ruiz represents that he successfully completed the period of supervision, and the Court accepts that representation for purposes of this opinion. Ruiz did not apply to have his record expunged.

At issue is whether Ruiz' 1980 conviction should receive one criminal history point for this conviction, as the government contends, or should not be counted at all, as Ruiz contends. The applicable provisions in the Guidelines are §§ 4A1.1 and 4A1.2. Section 4A1.1(c) provides for the addition of one criminal history point for "each prior sentence" not otherwise specified as warranting more than one point. Section 4A1.-2(a) defines "prior sentence" as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere*, for conduct not part of the instant offense."

There are two specific provisions of § 4A1.2 which arguably determine whether a sentence of supervision pursuant to the Illinois statute should be treated as a prior sentence. Section 4A1.2(f) provides:

*Diversionary Dispositions*

Diversion from the judicial process without a finding of guilt (*e.g.,* deferred prosecution) is not counted. A diversionary disposition resulting from a finding or admission of guilt in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered, except that diversion from juvenile court is not counted.

Section 4A1.2(j) provides:

*Expunged Convictions*

Sentences for expunged convictions are not counted, but may be considered un-

der § 4A1.3 (Adequacy of Criminal History Category).

The government argues that § 4A1.2(f) governs, because Ruiz pleaded, and was found, guilty in a judicial proceeding. Defendant argues that the conviction was nullified by the successful completion of supervision and should therefore be treated the same as an expunged conviction, even though the record was never formally expunged.

The Court has not found any case law which directly addresses this issue. There are, however, Illinois cases which address whether a sentencing court should consider a prior, successfully completed sentence of supervision. The majority of those cases, including the most recent ones, favor the consideration of such sentences. *See People v. West,* 160 Ill.App.3d 841, 514 N.E.2d 1, 112 Ill.Dec. 605 (1st Dist.1987); *People v. Hightower,* 138 Ill.App.3d 5, 485 N.E.2d 452, 92 Ill.Dec. 641 (3d Dist.1985); *People v. Talach,* 114 Ill.App.3d 813, 448 N.E.2d 638, 69 Ill.Dec. 920 (2d Dist.1983). *Contra, People v. Calvert,* 100 Ill.App.3d 510, 426 N.E.2d 1218, 55 Ill.Dec. 844 (4th Dist.1981). The *West, Hightower* and *Talach* cases emphasized that expungement of the record is not automatic, but must be achieved through a motion brought by the defendant. Furthermore, the Illinois Supreme Court considered a similar issue in *People v. Coleman,* 111 Ill.2d 87, 488 N.E.2d 1009, 94 Ill.Dec. 762 (1986). The issue in *Coleman* was whether, with respect to a defendant who had pled guilty to driving under the influence of alcohol, the trial court was prohibited from giving a sentence of supervision to a defendant who had previously received supervision for a prior commission of the same offense. Among other things, the Supreme Court held that consideration of the earlier sentence of supervision was not inconsistent with Ill.Rev.Stat. ch. 38 ¶ 1005-6-3.1(f). The court stated:

Use of a prior disposition of supervision as an aggravating factor in sentencing is not a "disqualification or disability imposed by law." Rather that phrase contemplates certain rights which are lost as a matter of law by criminal convictions.

These include the right to hold public office, to vote, and to possess a firearm. Section 5–6–3.1(f) does not prohibit a court, when ruling on a present request for supervision, from considering a prior disposition of supervision for driving under the influence.

111 Ill.2d at 97, 488 N.E.2d at 1014, 94 Ill.Dec. at 767, citing, *inter alia, Talach, supra.*

Illinois case law, of course, is not controlling for purposes of applying the federal Sentencing Guidelines themselves. It is relevant, however, to the determination of the nature of the Illinois supervision provision. The Illinois cases make clear that the distinction between a successful completed period of supervision and an expunged record is a significant one, despite the argument that once supervision has been successfully completed, expungement is a mere formality. The Court therefore finds that Ruiz cannot receive the benefit of § 4A1.2(j), which excludes expunged sentences from the criminal history determination.

It may also be argued on Ruiz' behalf that, notwithstanding his failure to have his record expunged, the effect of his successful completion of supervision under ¶ 1005–6–3.1 is that he is automatically discharged and the charge is automatically dismissed, and the discharge and dismissal "shall be deemed without adjudication of guilt." Section 4A1.2 of the Guidelines provides that a diversionary disposition "without a finding of guilt" shall not be counted. However, the same section provides that the disposition counts if it results from a "finding or admission of guilt ... even if a conviction is not formally entered." The Court finds that the latter provision squarely applies in this case, because Ruiz received a diversionary sentence pursuant to an admission of guilt and a finding of guilt. It is irrelevant that the Illinois statute provides that such a sentence, upon completion, does not count as a conviction for some purposes.

Accordingly, the Court agrees with the government that one point must be added to the criminal history calculation on the basis of the 1980 sentence of supervision.