985 F.2d 575
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond GENE a/k/a Butch, a/k/a "Butch" Moreno Defendant-Appellant.
 No. 90-30422.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 1, 1993.*
Decided Feb. 9, 1993.
 
 Appeal from the United States District Court for the District of Montana, No. CR-90-00010-BU-CC; Charles C. Lovell, District Judge, Presiding.
 D.Mont.
 AFFIRMED.
 Before TANG, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raymond Gene Moreno was convicted by a jury on four counts of distribution of methamphetamine. Moreno was sentenced to concurrent terms of 51 months on each count, to run consecutively to a state sentence in Montana for a separate drug conviction. Moreno appeals the district court's calculation of his criminal history category under the Sentencing Guidelines. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the calculation of Moreno's criminal history score. United States v. Sanchez, 914 F.2d 1355, 1361-63 (9th Cir.1990), cert. denied, 111 S.Ct. 1626 (1991).
 
 I.
 
 3
 Moreno's presentence report identified a prior Montana felony conviction for criminal possession of dangerous drugs, for which Moreno was given a three year deferred sentence. The inclusion of this deferred sentence in the calculation of Moreno's criminal history category resulted in a category of V, rather than IV.
 
 
 4
 Under U.S.S.G. § 4A1.2(f) (1990),[1] "[a] diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered, except that diversion from juvenile court is not counted." Under Montana law, Moreno could have received a deferred sentence only after a finding of guilt. See M.C.A. § 46-18-201(1) (a court may defer imposition of sentence "[w]henever a person has been found guilty of an offense upon a verdict or a plea of guilty"). Thus, under U.S.S.G. § 4A1.2(f), the district court properly included Moreno's deferred Montana sentence in the calculation of his criminal history category.
 
 
 5
 Other circuits have also held that § 4A1.2(f) requires the inclusion of adult diversionary dispositions if they involved an admission of guilt. See United States v. Frank, 932 F.2d 700, 701 (8th Cir.1991); United States v. Giraldo-Lara, 919 F.2d 19, 22 (5th Cir.1990). This result "reflects a policy that defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency." U.S.S.G. § 4A1.2(f), comment. (n. 9) (1990).
 
 II.
 
 6
 Moreno nonetheless argues that his deferred sentence should have been expunged under Montana law, and thus not counted in his criminal history. See U.S.S.G. § 4A1.2(j) ("Sentences for expunged convictions are not counted, but may be considered under § 4A1.3 (Adequacy of Criminal History Category)."). See also United States v. Hidalgo, 932 F.2d 805, 806 (9th Cir.1991) (expunged convictions not included in determining criminal history under U.S.S.G. § 4A1.2(j)).
 
 
 7
 Montana law does not provide for the automatic expunction of deferred sentences:[2]
 
 
 8
 [A]fter termination of the time period during which imposition of sentence has been deferred, upon motion of the court, the defendant, or the defendant's attorney, the court may allow the defendant to withdraw his plea of guilty or may strike the verdict of guilty from the record and order that the charge or charges against him be dismissed.
 
 
 9
 M.C.A. 46-18-204. Moreno did not move to dismiss the deferred sentence.
 
 
 10
 Moreno contends that the sentence should be treated by this court as expunged, even though he did not move to dismiss the deferred sentence in the Montana courts, because the deferred sentence can no longer be revoked. Under M.C.A. § 46-18-203, a petition for revocation of a deferred sentence must be filed with the sentencing court during the period of deferral, accompanied by an affidavit showing probable cause that the defendant has violated any condition of the deferred imposition of sentence. Because the deferral period has passed, Moreno argues, the State of Montana can no longer revoke the deferred sentence, and it should be treated as expunged. This argument must be rejected. While Moreno's deferred sentence cannot be revoked, i.e. he cannot be sentenced to a term of imprisonment for that conviction, Moreno's conviction remains of record absent dismissal of the charges pursuant to § 46-18-204.
 
 
 11
 Moreno also argues that he should be given a chance to petition the state court for dismissal of his deferred sentence, and requests that this court "remand" it to the state court for that determination. In support of this request, Moreno cites State v. Gladue, 679 P.2d 1256, 1259 (Mont.1984), in which the Montana Supreme Court considered whether a prior, unrevoked, deferred sentence could be used to classify the defendant as a persistent felony offender. The Court remanded the case to the state trial court to determine whether the sentence, for which the defendant successfully completed probation, should be dismissed pursuant to M.C.A. § 46-18-204.
 
 
 12
 This court does not have jurisdiction to "remand" Moreno's case to the state court. Further, the state court's dismissal of Moreno's prior conviction is purely discretionary; given that Moreno was convicted of another felony during the three year period of deferral, it is questionable whether a dismissal would be entered by the Montana courts.
 
 
 13
 Moreover, the district court must consider prior convictions at the time of sentencing. In United State v. Cox, 934 F.2d 1114 (10th Cir.1991), the defendant's conviction was expunged pending appeal, but after he was sentenced for his federal convictions. The Tenth Circuit upheld the use of the prior conviction to enhance his criminal history category, concluding that "at the time of sentencing," the conviction was a " 'prior conviction' for purposes of U.S.S.G. § 4A1.1." Id., at 1124. See also United States v. Bucaro, 898 F.2d 368, 372 n. 6 (3rd Cir.1990) (affirming use of previous criminal conviction to enhance criminal history category calculation although previous conviction could have been expunged before sentencing); United States v. Ruiz, 734 F.Supp. 312, 313-14 (N.D.Ill.1990) (though previous conviction could have been expunged before sentencing, it had not been formally expunged and thus could not be treated as expunged under § 4A1.2(j)).[3]
 
 III.
 
 14
 Because Montana law does not provide for automatic expunction of deferred sentences, the district court properly utilized Moreno's prior deferred state sentence to calculate his criminal history category under U.S.S.G. § 4A1.2(f).
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Moreno was sentenced on November 2, 1990. The Sentencing Guidelines in effect on November 1, 1990 thus apply
 
 
 [2]
 This case is thus distinguished from United States v. Johnson, 941 F.2d 1102, 1110-1113 (10th Cir.1991). In that case, the court did not count a deferred sentence in the calculation of the defendant's criminal history category, because Oklahoma law automatically expunged prior deferred sentences after a successful probation period
 
 
 [3]
 Nothing in this opinion prevents Moreno from seeking dismissal of his deferred sentence in the Montana courts, and thereafter filing a motion pursuant to 28 U.S.C. § 2255, to correct this sentence. See United States v. Bagley, 837 F.2d 371, 376 (9th Cir.1988) (petitioner could bring section 2255 motion to correct federal sentence, after state offense vacated which was used to enhance federal sentence)