FIFTH DIVISION

No. 1-07-3381

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 06 CR 17755 |
| | ) | |
| MARCUS BAILEY, | ) | The Honorable |
| | ) | Thomas V. Gainer, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE FITZGERALD SMITH delivered the opinion of the court:

Following a bench trial, defendant Marcus Bailey (defendant) was convicted of one count of the offense of armed habitual criminal and four counts of unlawful use of a weapon by a felon. He was sentenced to five concurrent terms of six years' imprisonment. He appeals, contending that his conviction for armed habitual criminal violates *ex post facto* laws, and that, alternatively, one of his convictions for unlawful use of a weapon by a felon is improper. He asks that we reverse and vacate the former, or that we vacate the latter. For the following reasons, we affirm in part and reverse in part, and vacate a portion of defendant's sentence.

BACKGROUND

The facts of this cause are not in dispute.

On July 26, 2006, police officers Gallegos and Culhane participated in the execution of three search warrants for a two-flat residence on West Maypole in Chicago. Defendant's nephew and his family lived on the second floor, defendant's mother and brother lived on the first floor,

and defendant and his fiancée lived in the basement. After announcing their presence, officers Gallegos and Culhane entered the first floor and saw defendant at the rear of the residence. They gave chase and detained him in the basement. Defendant's nephew and fiancée were also detained. When officer Culhane began to search the basement pursuant to one of the warrants, he recovered four firearms from the furnace room: a .45 semiautomatic rifle, a Ruger semiautomatic pistol, a revolver and a loaded handgun.

Subsequently, defendant was charged with one count of the offense of armed habitual criminal and four counts of unlawful use of a weapon by a felon. Defendant had two prior felony convictions of record, both from November 1997: manufacture and delivery of a controlled substance and possession of a controlled substance with intent to deliver. At trial on the instant charges, defendant's nephew and fiancée testified on his behalf, and defendant himself denied putting any firearms in the furnace room.

The trial court found defendant guilty on all five counts charged and sentenced him to five concurrent terms of seven years in prison. Following a motion to reconsider sentence filed by defendant, the court reduced these to five concurrent terms of six years in prison.

ANALYSIS

Defendant's first contention on appeal is that his conviction for the offense of armed habitual criminal violates the *ex post facto* clauses of the United States and Illinois Constitutions. He asserts that this offense is a substantive new criminal offense and not merely an enhancement provision. Citing People v. Levin, 157 Ill. 2d 138 (1993), and People v. Dunigan, 165 Ill. 2d 235 (1995), he further claims that, because his two prior convictions constituted a necessary element

of the offense of armed habitual criminal and occurred before the effective date of this legislation's enactment, these could not be used to support a conviction under this more recent felony statute and, therefore, he was improperly punished.

As a threshold matter, the State argues that defendant has forfeited this argument for our review by failing to object at trial and include it in a posttrial motion. See, *e.g.*, People v. Enoch, 122 Ill. 2d 176, 186 (1988). While it is true, and defendant concedes, that he did not preserve this issue accordingly, we note that we are dealing with a constitutional challenge involving the validity of a statute. Such an argument may be presented at any time, regardless of a violation of technical waiver rules. See People v. Yancy, 368 Ill. App. 3d 381, 388 (2005); accord People v. Wagener, 196 Ill. 2d 269, 279 (2001).

However, turning to the merits of defendant's claim here, we find that it cannot stand.

In addressing a challenge to the constitutionality of a statute, we begin with the presumption that the statute is constitutional. See People v. Malchow, 193 Ill. 2d 413, 418 (2000). If reasonably possible, a court must construe the statute so as to uphold its constitutionality and validity. See Malchow, 193 Ill. 2d at 418. The party challenging the statute's constitutionality has the burden of demonstrating its invalidity. See Malchow, 193 Ill. 2d at 418. Whether the statute is constitutional is reviewed under a *de novo* standard. See Malchow, 193 Ill. 2d at 418.

The Illinois Criminal Code of 1961 (Code) states:

> "(a) A person commits the offense of being an armed habitual criminal if he or she receives, sells, possesses, or transfers any firearm after having been

3

convicted a total of 2 or more times of any combination of the following offenses:

(1) a forcible felony as defined in Section 2-8 of this Code;

(2) unlawful use of a weapon by a felon; aggravated unlawful use of a weapon; aggravated discharge of a firearm ***; or

(3) any violation of the Illinois Controlled Substances Act *** that is punishable as a Class 3 felony or higher." 720 ILCS 5/24-1.7(a) (West 2006).

The effective date of this statute was August 2, 2005. See 720 ILCS 5/24-1.7(a) (West 2006).

Both the United States and Illinois Constitutions prohibit *ex post facto* laws. See U.S. Const., art. I, §9, cl. 3; §10, cl. 1; Ill. Const. 1970, art. I, §16. "An *ex post facto* law is one that: (1) makes criminal and punishable an act innocent when done; (2) aggravates a crime, or makes it greater than it was when committed; (3) increases the punishment for a crime and applies the increase to crimes committed before the enactment of the law; or (4) alters the rules of evidence to require less or different evidence than required when the crime was committed." People v. Leonard, 391 Ill. App. 3d 926, 931 (2009); see People v. Morgan, 377 Ill. App. 3d 821, 823 (2007), citing Calder v. Bull, 3 U.S. (3 Dall.) 386, 390, 1 L. Ed. 648, 650 (1798). The prohibition against *ex post facto* laws is founded on the basis of a person's right to have fair warning of conduct giving rise to criminal penalties and punishment. See People v. Coleman, 111 Ill. 2d 87, 93-94 (1986).

Defendant's exact contention regarding the offense of armed habitual criminal and its alleged violation of *ex post facto* laws was recently raised in the Third District case of People v.

No. 1-07-3381

Leonard, 391 Ill. App. 3d 926 (2009). There, the defendant was convicted of this offense upon possessing a firearm and having had been convicted previously of three qualifying offenses between 1998 and 2004, including a violation of the Illinois Controlled Substances Act (720 ILCS 570/100 *et seq*. (West 2004)) (unlawful possession with intent to deliver a look-alike substance). On appeal, the defendant, also citing Levin and Dunigan as defendant does here, argued that his conviction had to be vacated because the offense of armed habitual criminal violated the prohibition against *ex post facto* laws, since his prior convictions were used an element of the offense even though they occurred before the offense was enacted.

In a well-reasoned and succinct decision, the Leonard court disagreed, finding that the statute does not constitute *ex post facto* legislation. It began by noting that, in Illinois, recidivist statutes such as the instant one "have consistently been found constitutional on the basis that they punish a defendant for a new and separate crime, not for the earlier offense committed before the statute was enacted." Leonard, 391 Ill. App. 3d at 931 (rather, the defendant's prior convictions are only an element of the new crime). After examining the statute, the Leonard court explained that it did not punish the defendant for offenses he committed before it was enacted but, instead, punished him for the separate offense of possessing a firearm after having been convicted of three of the statute's enumerated offenses. See Leonard, 391 Ill. App. 3d at 931. He possessed the firearm in April 2006, after the statute's August 2005 effective date; thus, he had ample warning that, in combination with his prior convictions, he was committing the offense of armed habitual criminal. See Leonard, 391 Ill. App. 3d at 931-32. And, because his prior convictions were only an element of the offense, he was not being punished for those acts but for the new act

5

of possessing a firearm. See Leonard, 391 Ill. App. 3d at 932.

Moreover, in addressing the defendant's claim that because the offense of armed habitual criminal is a substantive offense requiring that all the elements thereof must have occurred after the law was enacted, the Leonard court concluded that his reliance on Levin and Dunigan was misplaced. See Leonard, 391 Ill. App. 3d at 932. The Leonard court found that while those cases stated that the prior-conviction evidence involved in the habitual criminal legislation at issue there was not an element of the main charged offense, these cases did not hold that habitual criminal legislation in general can never include prior convictions as elements of an offense. See Leonard, 391 Ill. App. 3d at 932, citing Levin, 157 Ill. 2d at 149; Dunigan, 165 Ill. 2d at 242. That is, Levin and Dunigan involved a habitual criminal statute that was a sentencing enhancement. See Levin, 157 Ill. 2d at 149; Dunigan, 165 Ill. 2d at 242. In contrast, the armed habitual criminal statute under which the Leonard defendant was convicted--section 24-1.7(a) of the Code--created a substantive offense that punishes a defendant, not for his earlier convictions, but for the new offense created therein. See Leonard, 391 Ill. App. 3d at 932. Ultimately, because this statute only criminalized new and additional conduct occurring after its enactment and did not, as in Levin and Dunigan, invoke sentencing enhancement concerns, the Leonard court held that "the armed habitual criminal statute is not violative of the constitutional prohibitions against *ex post facto* laws." Leonard, 391 Ill. App. 3d at 931.

We find no reason to depart from the holding of our sister court on this issue. It is clear to us that, contrary to defendant's contention here, the armed habitual criminal statute does not punish him for the drug offenses he committed in 1997 before the statute's effective date but,

6

rather, properly punishes him for, as he himself points out, the new and separate crime he committed in 2006 of possessing firearms while having already been convicted of two prior enumerated felonies, an offense of which he had fair and ample warning. Accordingly, we too hold that the armed habitual criminal statute is not violative of the United States and Illinois constitutional prohibitions against *ex post facto* legislation.

Having so concluded, we next turn to defendant's alternative argument presented on review. He contends that, if his conviction for armed habitual offender is upheld, then one of his four felony unlawful use of a weapon convictions must be vacated where he was convicted of five offenses involving firearm possession based of the possession of only four guns. The State concedes this issue, in full agreement with defendant.

Defendant was convicted of one count of the offense of armed habitual criminal and four counts of unlawful use of a weapon by a felon. However, the record is clear that he was in possession of only four firearms. Therefore, one of his convictions for unlawful use of a weapon was, as he asserts, necessarily based on the same act as his offense of armed habitual criminal: the possession of the same firearm. Accordingly, one of his felony unlawful use of a weapon convictions must be vacated. See People v. Artis, 232 Ill. 2d 156, 165 (2009) ("[m]ultiple convictions are improper if they are based on precisely the same physical act"); see also People v. Quinones, 362 Ill. App. 3d 385, 397 (2005) (where the defendant's two convictions for aggravated unlawful use of a weapon were each based on the same act of possessing the same firearm, these violated the one-act, one-crime doctrine prohibiting multiple convictions carved from same physical act; thus, one of these convictions necessarily required reversal).

7

## CONCLUSION

For all the foregoing reasons, we affirm defendant's conviction for the offense of armed habitual criminal, but we reverse one of his four convictions for unlawful use of a weapon by a felon and thereby vacate the resulting sentence regarding that crime only, namely, one of the five concurrent terms of six years' imprisonment.

Affirmed in part and reversed in part; sentence vacated in part.

TOOMIN, P.J., and TULLY, J., concur.

No. 1-07-3381

Please use the following form

The People of the State of Illinois,

        Plaintiff-Appellee,

v.

Marcus Bailey,

        Defendant-Appellant.

---

Docket No.

COURT
Opinion
Filed

No.   1-07-3381

Appellate Court of Illinois
First District, <u>FIFTH</u> Division

November 25, 2009
(Give month, day and year)

JUSTICE JAMES FITZGERALD SMITH DELIVERED THE OPINION OF THE COURT:

JUSTICES

TOOMIN, P.J., and TULLY, J., concur.

---

APPEAL from the Circuit Court of Cook County; the Hon_____ Judge Presiding.

Lower Court and Trial Judge(s) in form indicated in margin:

Appeal from the Circuit Court of Cook County.

The Hon. **THOMAS V. GAINER,** Judge presiding.

---

FOR APPELLANTS
John Doe, of Chicago

For APPELLEES, :

Indicate if attorney represents APPELLANTS or APPELLEES and include attorney's of counsel. Indicate the word  r NONE if not represented.

APPELLANT: OFFICE OF THE ILLINOIS STATE APPELLATE DEFENDER, Chicago, IL Michael J. Pelletier, State Appellate Defender; Patricia Unsinn, Deputy Defender; Maria A. Harrigan, Assistant Appellate Defender

Smith and Smith of Chicago,

APPELLEE: OFFICE OF THE ILLINOIS STATE'S ATTORNEY, COUNTY OF COOK, Chicago, IL Anita Alvarez, State's Attorney; James E. Fitzgerald, Eve Reilly, and Robin Murphy, Assistant State's Attorneys

(Joseph Brown, of counsel)
Add attorneys for third-party appellants and/or appellees.

9