In the

# United States Court of Appeals
## For the Seventh Circuit

No. 18-1932

RAFAELA ALDACO,

*Plaintiff-Appellant,*

*v.*

RENTGROW, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 16 C 5754 — **Joan Humphrey Lefkow**, *Judge.*

ARGUED SEPTEMBER 24, 2018 — DECIDED APRIL 16, 2019

Before WOOD, *Chief Judge*, and EASTERBROOK and
BRENNAN, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* In 1996 Rafaela Aldaco
pleaded guilty to battery and received a sentence of six
months' supervision, a diversionary disposition under Illi-
nois law. See 730 ILCS 5/5-1-21, 5/5-6-3.1. The state court en-
tered a finding of guilt and deferred proceedings while Al-
daco served her sentence. After Aldaco complied with the
conditions of her supervision, the court dismissed the

charge. Although Aldaco could have had the battery record expunged, she did not ask the court to do so.

Nineteen years later Aldaco wished to rent an apartment. As part of one residence's application process, she consented to a criminal background check—which the landlord outsourced to RentGrow, doing business as Yardi Resident Screening. Its report flagged her sentence for battery. Because this criminal history violated the landlord's residential criteria, it refused to rent to Aldaco. She protested to Yardi, falsely asserting that the battery record did not pertain to her. She did not inform Yardi that the reported length of her supervision sentence was incorrect. (The report stated the term as sixty months when it was only six.) Yardi reexamined its work, had its sources confirm that the record pertained to Aldaco, and closed the case.

Aldaco then filed suit, contending that Yardi—as a consumer reporting agency—violated the Fair Credit Reporting Act (FCRA) when it disclosed her criminal history to the landlord. The Act prohibits reporting agencies from disclosing any arrest record or other adverse item more than seven years old but permits them to report "records of convictions of crimes" no matter how long ago they occurred. See 15 U.S.C. §1681c(a). The Act does not define the word "conviction." Aldaco's primary argument is that a sentence of supervision in Illinois is not a conviction under the Act. In the district court she asserted two propositions: (1) that "conviction" in the Act means "conviction as defined by state law," and (2) that she has not been convicted as Illinois law understands that word. The district judge held that Yardi was entitled to summary judgment, concluding that "conviction" has a federal definition, under which Aldaco's battery record

qualifies. Aldaco now appeals to us, again asserting that Illinois law supplies §1681c(a)'s definition of conviction.

Congress has used the word "conviction" many times without defining it. For example, a person with a felony conviction can't own a gun. 18 U.S.C. §922. *Dickerson v. New Banner Institute*, 460 U.S. 103 (1983), unanimously held that federal law supplies the meaning of "conviction." A majority went on to hold that, as a matter of federal law, a guilty plea without a formal judgment is a "conviction." *Id.* at 111–14. *Dickerson* acknowledged that the text of some other federal statutes limited the term "convicted" to "persons against whom a formal judgment has been entered." *Id.* at 112 n.6 (citing 18 U.S.C. §4251(e) & 28 U.S.C. §2901(f) (both since repealed)). But the firearms statute did not contain such limits, and the Court concluded that a "conviction" did not require a formal adjudication of guilt. "A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence." *Dickerson*, 460 U.S. at 112–13 (quoting *Kercheval v. United States*, 274 U.S. 220, 223 (1927) (quotation marks omitted)).

When interpreting other statutes lacking a definition for conviction, courts after *Dickerson* regularly use federal law to define the term and reject the argument that it requires a final judgment. The Controlled Substances Act, for example, enhances punishment for a drug offense if the defendant has a "prior conviction" for a drug felony. See 21 U.S.C. §841(b)(1). We held in *United States v. Gomez*, 24 F.3d 924 (7th Cir. 1994), that "prior conviction" includes a plea to a probationary sentence that did not result in a final adjudication of

guilt. Gomez had received a diversionary disposition that was "not a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime" under Illinois law. See 720 ILCS 570/410(f). He argued that, because of this state law, he was entitled to "a declaration that a state's effort to eliminate all civil disabilities after the completion of the sentence obliterates the 'conviction' for purposes of federal law." *Gomez*, 24 F.3d at 930. We held otherwise. We noted that, after *Dickerson*, Congress revised 18 U.S.C. §921(a)(20) to define conviction (for the purpose of §922) in accordance with state law, supplemented by a federal rule excluding some convictions from that definition. But the text in §841(b)(1)(B) does not state that the definition of conviction depends on state law or that it requires an adjudication of guilt. *Ibid.* Other circuits uniformly agree with this reading. See *United States v. Pritchett*, 749 F.3d 417, 425–27 (6th Cir. 2014) (citing *Dickerson* and collecting cases from eight other circuits); *United States v. Dyke*, 718 F.3d 1282, 1292–93 (10th Cir. 2013) (citing *Dickerson*).

There are other examples. Federal law requires that "[a]ny law enforcement officer who is convicted of a felony shall be removed from employment". 5 U.S.C. §7371(b). Congress again left "convicted" undefined, and the only court to interpret this statute has concluded that, as a matter of federal law, the word encompasses guilty pleas. *Cleaton v. Department of Justice*, 839 F.3d 1126, 1130 (Fed. Cir. 2016). Another federal statute prohibits persons "convicted of" various felonies from serving as an officer, director, consultant, or in other leadership roles in labor organizations. See 29 U.S.C. §504(a). We concluded in *Harmon v. Teamsters Local 371*, 832 F.2d 976 (7th Cir. 1987), that the term is defined by federal law and includes deferred judgments.

As far as we can tell, the word "conviction" in federal statutes has been defined according to state law only with explicit direction from Congress. And we could not find any case law that limited "conviction" to final judgments when the federal statute leaves the term undefined. Aldaco does not provide persuasive reasons why the Fair Credit Reporting Act's use of "conviction" should be interpreted differently. She instead relies on the dissent in *Dickerson* and isolated statements in the Congressional record. But a court of appeals must follow the majority, not the dissent.

The only relevant provision of the Act that refers to state law does not help Aldaco. Section 1681t(b)(1)(E) preempts state law, providing that "[n]o requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under section 1681c of this title, relating to information contained in consumer reports," save for any state law in effect before September 30, 1996 (letters and numbering omitted). This provision assures that the Act establishes uniform federal standards for contents of credit reports—unless a state law in force in 1996 provides otherwise. But Aldaco does not direct us to any pre-1996 Illinois law that bans credit reports from including supervision sentences in private background checks. (We could not find one either.) And we do not read §1681t(b)(1)(E) to affect the meaning of the Act's own terms. Indeed, the statute does not contain any language directing courts to look to state law to define its terms, nor does any language suggest that a "conviction" requires a final judgment.

Even if Illinois law supplied the Act's definition of "conviction", it is far from clear that Aldaco would win. The Illinois supervision statute provides that a completed supervi-

sion sentence "shall not be termed a conviction for purposes of disqualification or disabilities imposed by law upon conviction of a crime." 730 ILCS 5/5-6-3.1(f). Illinois courts have interpreted the qualifying clause "for purposes of disqualification or disabilities imposed by law" to encompass only certain rights that are lost as a matter of law after a criminal conviction, such as the defendant's right to hold public office, to vote, and to possess a firearm. *People v. Coleman*, 111 Ill. 2d 87, 97 (1986). See also *People v. Schuning*, 106 Ill. 2d 41, 48 (1985) (supervision is not conviction for impeachment purposes). At the same time, however, state courts have held that a supervision sentence may be used as a conviction to bar future diversionary dispositions, *Coleman*, 111 Ill. 2d at 96–97, and to enhance a misdemeanor to a felony, *People v. Sheehan*, 168 Ill. 2d 298, 308–09 (1995). Employers may use supervision sentences to inform hiring decisions, as "being denied private employment … does not fall into the category of 'disqualifications and disabilities imposed by law' to which the legislature was referring." *Beard v. Sprint Spectrum, LP*, 359 Ill. App. 3d 315, 320 (2005). These authorities undermine Aldaco's position that Illinois would not label her supervision as a conviction for purposes of a criminal background search conducted for a private landlord.

But we need not wade further into state law. Federal law controls. For the purpose of §1681c(a), the word "convictions" encompasses pleas of guilt. Aldaco's guilty plea and sentence to six months' supervision thus qualify as a battery "conviction" under the Act. Yardi did not violate §1681c(a) by reporting this information to the landlord.

One other matter requires attention. Aldaco insists that even if her supervision sentence is a conviction, she can still

prevail because Yardi did not follow reasonable procedures in assembling its report. See 15 U.S.C. §§ 1681e(b), 1681i. She is wrong.

Section 1681e(b) requires reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." These companies must also provide a reasonable reinvestigation of disputed information:

> [I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly ... of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file ... before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

15 U.S.C. §1681i(a)(1)(A). (Yardi contends that a lesser standard applies to it as a "reseller" of consumer information. We assume without deciding that §1681i(a) applies.) Negligent violations expose companies to "actual damages", while willful violations may result in punitive or statutory damages. But the Act does not create liability without causation. To bring a successful claim, the consumer must also show that she suffered injury as a result of any inaccurate information. *Ruffin-Thompkins v. Experian*, 422 F.3d 603, 608 (7th Cir. 2005). "Without a causal relation between the violation of the statute and the loss of credit, or some other harm, a plaintiff cannot obtain an award of 'actual damages'". *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 664 (7th Cir. 2001).

Aldaco has not established causation. With her battery record properly reported as a conviction, the report's only inaccuracy is the reported sentence length. Aldaco maintains that Yardi is also liable for violating §1681e(b) for not telling the landlord that the court dismissed the battery charge after she served her supervision. We have not addressed whether technically accurate but misleading information qualifies as "inaccurate" information under the Act. *Crabill*, 259 F.3d at 664. No matter. Neither factor caused the landlord to deny Aldaco's apartment application. The landlord's eligibility criteria disqualified applicants with *any* criminal record of either battery or assault—regardless of the length of the sentence or any diversionary disposition. Aldaco was convicted of battery, Yardi accurately reported this fact, and the landlord followed its policies by refusing to rent to Aldaco. She therefore can't establish actual damages. And there isn't any evidence of willful misconduct, which is required for statutory or punitive damages.

Aldaco has another problem: her protest to Yardi contended only that the battery record wasn't hers. She did not dispute the reported length of the sentence or the omission of the charge's dismissal. After receiving the complaint, Yardi had a duty to reinvestigate only whether "disputed information" was inaccurate. 15 U.S.C. §1681i(a)(1)(A). Yardi did investigate and confirm with its sources the only information that was disputed: whether the battery record pertained to Aldaco.

AFFIRMED